AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
CATHERINE L. BRACKETT, CA Bar No. 332918
catherine.brackett@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

SUSAN M. WILSON, CA Bar No. 143908
susan.wilson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520-544-0300
Facsimile: 520-544-9675

Attorneys for Defendants
SEAWORLD PARKS & ENTERTAINMENT, INC. and
SEA WORLD LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FREEMAN and KIMBERLY LYNN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware Corporation; SEA WORLD LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **'22CV1127 BEN JLB**<br><br>**DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: June 27, 2022<br>Trial Date: None |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendants SeaWorld Parks & Entertainment, Inc. and Sea World LLC ("Defendants"), by and through the undersigned counsel, hereby join in removing the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332(d), 1441, 1453, and 1446.  Defendants allege the following grounds for removal:

## PROCEDURAL BACKGROUND

1.      On June 27, 2022, plaintiffs Edward Freeman and Kimberly Lynn ("Plaintiffs") filed a Complaint against Defendants in the Superior Court of the State of California for the County of San Diego, entitled *Edward Freeman and Kimberly Lynn, Individually and On Behalf of All Others Similarly Situated, Plaintiffs, v. SeaWorld Parks & Entertainment, Inc., a Delaware Corporation; Sea World LLC; and Does 1 through 50, inclusive, Defendants*.

2.      Defendant SeaWorld Parks & Entertainment, Inc. received service of the Summons and Complaint on June 30, 2022.  True and correct copies of all documents served on SeaWorld Parks & Entertainment, Inc., including the Summons and Complaint, are attached hereto as **Exhibit 1**.

3.      Defendant Sea World LLC received service of the Summons and Complaint on June 30, 2022.  True and correct copies of all documents served on Sea World LLC, including the Summons and Complaint, are attached hereto as **Exhibit 2**.

4.      On July 28, 2022, Defendants filed and served their Answer to Plaintiffs' Complaint.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit 3**.

5.    Plaintiff's Complaint alleges seven causes of action, including (1) breach of written contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of San Diego Municipal Code section 311.0101; (4) unfair business practices in violation of Cal. Bus. & Prof. Code section 17200 et seq.; (5) wrongful termination of employment; (6) unlawful prevention of employment in violation of Cal. Lab. Code sections 1050-1054; and (7) interference with prospective economic advantage.

## CLASS ACTION FAIRNESS ACT JURISDICTION

6.    **Basis of Original Jurisdiction.**  The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

7.    **Number of Putative Class Members.**  Plaintiffs purport to bring this action on behalf of a putative class defined as: "All persons employed in California as regular, salaried, and/or full-time hourly employees by SEAWORLD PARKS & ENTERTAINMENT, INC. or SEA WORLD LLC who suffered an involuntary loss of employment from March 1, 2020 through September 2, 2020 and who did not receive severance pay."  Complaint, ¶ 24.  Plaintiffs allege this putative class is comprised of "at least 250" individuals who were either formally discharged or placed on "extended, indefinite furlough" during the relevant time period, but were not paid the severance allegedly due based on the number of years each full-time employee had worked for Defendants.  *Id.* at ¶¶ 3, 25.  Based on a review of internal personnel and payroll records, Defendants estimate this group as totaling at least 399 individuals.  Declaration of Samuel Richmond ("Richmond Decl."), ¶¶ 4-6, **Exhibit A**.  Specifically, between March 1, 2020 and April 1, 2020, 429 full-time employees were placed on furlough, of which 399 had worked for Defendants for at least one year, therefore becoming eligible to receive a severance payment according to the formula alleged in Plaintiffs' Complaint.  *Id.* at ¶ 6.  Plaintiffs allege: "Defendants

did not make severance payments to any of the workers with whom they had separated employment via the extended, indefinite furlough or via formal termination of employment." Complaint, ¶ 3. Taking Plaintiff's claims at face value, this brings the putative class to approximately 399 individuals.

8. **Diversity of the Parties.** The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant. *Id*. at § 1332(d)(2)(A). Plaintiffs, who are members of the putative class, are citizens of the State of California. SeaWorld Parks & Entertainment, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business—and the location from which the highest level of officers direct, control, and coordinate the corporation's activities—located in Orlando, Florida. Declaration of Jeffrey Schwartz, ¶¶ 4-5. Thus, defendant Sea World Parks & Entertainment, Inc. is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

9. **Amount in Controversy.** Based on the allegations in the Complaint, the amount in controversy exceeds, in the aggregate, five million dollars ($5,000,000). Plaintiffs allege that, according to Defendants' policy, "all eligible employees [of Defendants] who 'suffer an involuntary loss of employment' via a substantial workforce reduction or reorganization or, alternatively, the elimination of the employee's position," are eligible to receive severance equal to "one (1) week of pay per year of service for full-time hourly employees, and two (2) weeks of pay per year of service for salaried employees" up to a maximum of 26 weeks of pay. Complaint, ¶ 3. Plaintiffs further allege that "[o]n or about March 27, 2020, Defendants notified Plaintiffs and other employees that they would be furloughed effective April 1, 2020" for an indefinite period "due to the temporary park closures." *Id.* at ¶ 2. Plaintiffs claim that "[d]espite causing 2,500+ of its California employees (including Plaintiffs) an 'involuntary loss of employment' when it shut

down its California theme-park operations and informed employees that they were furloughed for an indefinite and unknown period of time, and ceased all employee benefits (such as health insurance), Defendants did not make severance payments to any of the workers with whom they had separated employment via the extended, indefinite furlough or via formal termination of employment." *Id.* at ¶ 3.  Plaintiffs seek recovery of the allegedly owed severance pay.  *Id.* at ¶¶ 3, 33; *id.* at Prayer for Relief, ¶ 2.  Assuming the truth of Plaintiff's allegations, at least 399 of Defendants' full-time employees—who were subject to the indefinite furlough as of April 1, 2020—would be eligible for severance pay, having worked for Defendants for at least one year at the time of their April 1, 2020 furlough.  Richmond Decl., ¶¶ 4-6, **Exhibit A**; Complaint, ¶¶ 3, 33.  Applying Plaintiffs' severance pay formula as alleged in the Complaint, the 399 furloughed employees would be owed at least $5,523,596 in allegedly unpaid severance.  Using the information from Defendants' business records in **Exhibit A**, the calculation of the severance pay allegedly owed each of the furloughed employees is itemized in **Exhibit 4** hereto, and incorporated herein by reference.  *See* **Exhibit 4** (compiling data derived from Richmond Decl., ¶¶ 4-6, **Exhibit A**).  In **Exhibit 4**, Column G itemizes the severance allegedly owed to each employee, calculated at one 40-hour week of pay times number of years of service for full-time hourly employees (identified as Pay Group "SHP" in Column A) and two weeks (80 hours) of pay times number of years of service for salaried employees (identified as Pay Group "SHQ" in Column A), up to a maximum of 26 weeks of pay.  *See id.*  The total severance allegedly owed to all 399 employees is $5,523,596, which is shown at the bottom of Column G.  *See id.*  Accordingly, over $5.5 million is in dispute in Plaintiffs' unpaid severance claim alone, without accounting for any of the additional damages sought in Plaintiffs' six remaining causes of action.

/ / /

/ / /

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

10.    **Timeliness of Removal.**  Under 28 U.S.C. § 1446, a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Defendants received notice of Plaintiffs' claims when they were served with the Summons and Complaint on June 30, 2022.  *See* **Exhibits 1-2**.  Accordingly, this Notice of Removal is timely.

11.    **Venue.**  As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State of California, in which the action is pending.  The state court action was pending in San Diego County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

12.    **Copies of Process, Pleadings, and Orders.**  As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received and/or filed by Defendants in this action (attached as **Exhibits 1-3**).  Defendants have not received or served any pleading, process, or order besides those attached.

13.    **Notice to Plaintiff and State Court.**  As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing to Plaintiffs, and will file a copy of this Notice with the clerk of the San Diego County Superior Court.

14.    **Corporate Disclosure Statement.**  As required by Rule 7.1, Defendants have filed their Corporate Disclosure Statement concurrently with this Notice.

15.    **Notice of Party with Financial Interest.**  As required by Local Rule 40.2, Defendants have filed their Notice of Party with Financial Interest concurrently with this Notice.

16.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause

1    so that Defendants may have an opportunity to address any such question.

2        17.    Accordingly, Defendants remove the above-entitled action to this Court.

3

4    DATED:  August 1, 2022              OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.
5

6

7                                        By:  /s/ Aaron H. Cole
                                             Aaron H. Cole
8                                            Susan M. Wilson
                                             Catherine L. Brackett
9
                                         Attorneys for Defendants
10                                       SEAWORLD PARKS &
                                         ENTERTAINMENT, INC. and SEA WORLD
11                                       LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

# EXHIBIT 1



**CT Corporation**
**Service of Process Notification**
06/30/2022
CT Log Number 541841714

**Service of Process Transmittal Summary**

| | |
|---|---|
| **TO:** | Laurie Beechner<br>Sea World Parks And Entertainment, LLC<br>6240 SEA HARBOR DRIVE<br>ORLANDO, FL 32821 |
| **RE:** | **Process Served in California** |
| **FOR:** | SEAWORLD PARKS & ENTERTAINMENT, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWARD FREEMAN and KIMBERLY LYNN Individually and On Behalf of All Others:<br>Similarly Situated vs. SEAWORLD PARKS & ENTERTAINMENT, INC. |
| **CASE #:** | 37202200025151CUOECTL |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/30/2022 at 01:07 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laurie Beechner  laurie.beechner@seaworld.com |
| | Email Notification,  Paula Brady  paula.brady@seaworld.com |
| | Email Notification,  David Perrow  david.perrow@seaworld.com |
| | Email Notification,  Paul Kirchner  paul.kirchner@seaworld.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT 1 - PAGE 7

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Jun 30, 2022
**Server Name:**                   Victor Mendez

| | |
|---|---|
| Entity Served | SEAWORLD PARKS & ENTERTAINMENT, INC. |
| Case Number | 37202200025151CUOECTL |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



EXHIBIT 1 - PAGE 8

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware Corporation; SEA WORLD LLC; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDWARD FREEMAN and KIMBERLY LYNN, Individually and On Behalf of All Others Similarly Situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/27/2022** at 07:37:52 PM
Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* San Diego County Superior Court | *(Número del Caso):* 37-2022-00025161-CU-OE-CTL |
| Hall of Justice, 330 W. Broadway | |
| San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David C. Hawkes, Blanchard Krasner et al., 800 Silverado St., 2nd Floor, La Jolla, CA 92037 (858) 551-2440

| DATE: 06/28/2022 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* J. Siharath | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* SEAWORLD PARKS & ENTERTAINMENT, INC., A DELAWARE CORPORATION

under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT 1 - PAGE 9

1  BLANCHARD, KRASNER & FRENCH
2  David C. Hawkes; SBN: 224241
   dhawkes@bkflaw.com
3  800 Silverado St., 2nd Floor
   La Jolla, CA 92037
4  Telephone:    (858) 551-2440

5  LAW OFFICE OF DAVID A. HUCH
   David A. Huch; SBN: 222892
6  david.a.huch@gmail.com
7  12223 Highland Ave., Ste. 106-574
   Rancho Cucamonga, CA 91739
8  Telephone:    (909) 463-6363

9  Attorneys for Plaintiffs EDWARD FREEMAN and
   KIMBERLY LYNN
10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/27/2022** at 07:37:52 PM
Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12             **IN AND FOR THE COUNTY OF SAN DIEGO**

13

| | |
|---|---|
| 14 **EDWARD FREEMAN and KIMBERLY** | ) Case No.  37-2022-00025151-CU-OE-CTL |
| 15 **LYNN, Individually and On Behalf of All** | ) |
| **Others Similarly Situated,** | ) **CLASS ACTION** COMPLAINT FOR |
| 16 | ) **DAMAGES, RESTITUTION &** |
| **Plaintiffs,** | ) **INJUNCTIVE RELIEF:** |
| 17 | ) |
| **v.** | ) 1.  Breach of Written Contract; |
| 18 | ) 2.  Breach of the Implied Covenant of Good |
| | ) Faith and Fair Dealing; |
| 19 **SEAWORLD PARKS &** | ) 3.  Violation of San Diego Municipal Code § |
| **ENTERTAINMENT, INC., a Delaware** | ) 311.0101; |
| 20 **Corporation; SEA WORLD LLC; and** | ) 4.  Unlawful and Unfair Business Practices |
| **DOES 1 through 50, inclusive,** | ) (Cal. Bus. & Prof. Code § 17200 et seq.); |
| 21 | ) 5.  Wrongful Termination; |
| **Defendants.** | ) 6.  Unlawful Prevention of Employment |
| 22 | ) (Cal. Lab. Code §§ 1050 – 1054); and |
| 23 | ) 7.  Interference with Prospective Economic |
| | ) Advantage |
| 24 | ) |
| 25 | ) **JURY TRIAL DEMANDED** |
| | ) [Unlimited Civil Action] |
| 26 | ) |

27

28

                              – 1 –

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 1 - PAGE 10

Plaintiffs EDWARD FREEMAN and KIMBERLY LYNN, on their own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.     This is a class action brought by Plaintiffs EDWARD FREEMAN and KIMBERLY LYNN (collectively, "Plaintiffs"), individually and on behalf of furloughed and/or terminated employees of Defendants SEAWORLD PARKS & ENTERTAINMENT, INC., SEA WORLD LLC, and DOES 1 through 50 ("Defendants" or "Sea World") in the State of California, during the period of March 1, 2020 to the present ("Class Period").

2.     On or about March 27, 2020, Defendants notified Plaintiffs and other employees that they would be furloughed effective April 1, 2020.  As stated by Sea World in is filing with the Securities and Exchange Commission (SEC) on March 27, 2020, "The furlough period is uncertain at this time due to the temporary park closures and will be reassessed as business conditions dictate." As a result of the furlough, Defendants ceased all employee benefits, including health insurance, on March 31, 2020.   Defendants also encouraged Plaintiffs and other employees to apply for unemployment benefits with the State of California and were provided an information sheet regarding "The Best Ways to Find Jobs During Your Furlough."  Out of the 2,500+ workers in California that were furloughed on or about April 1, 2020, on information and belief, Plaintiffs allege that several hundred were never rehired, recalled, or reinstated and, to this day, remain on "temporary" furlough (including Plaintiff LYNN) or were only recently offered a position (over two years later, including Plaintiff FREEMAN).  Instead of recalling, re-hiring, or reinstating these furloughed employees (including Plaintiffs), Defendants hired new and/or lesser experienced/qualified workers to replace them.  Within approximately one year of the furlough, Defendants were back to fully-operational and full-staffing, yet hundreds of furloughed employees (including Plaintiffs) were not re-hired or recalled.

3.     On April 1, 2020, Defendants' severance pay policy required Defendants to make payment to all eligible employees who "suffer an involuntary loss of employment" via a substantial

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 1 - PAGE 11

workforce reduction or reorganization or, alternatively, the elimination of the employee's position. For full-time employees, Defendants' severance policy required payment of one (1) week of pay per year of service for full-time hourly employees, and two (2) weeks of pay per year of service for salaried employees. The maximum severance payment for both salaried and full-time hourly employees is 26 weeks. Despite causing 2,500+ of its California employees (including Plaintiffs) an "involuntary loss of employment" when it shut down its California theme-park operations and informed employees that they were furloughed for an indefinite and unknown period of time, and ceased all employee benefits (such as health insurance), Defendants did not make severance payments to any of the workers with whom they had separated employment via the extended, indefinite furlough or via formal termination of employment. Nor did defendants do so through September 2020 despite many of the laid-off employees still suffering a loss of employment. Nor did Defendants do so even through to the present for those employees (including Plaintiff LYNN) still suffering an "involuntary loss of employment" because they still have not been recalled, rehired, or reinstated, and are somehow still on "furlough". Defendants never provided severance payments to any of the furloughed employees (including Plaintiffs), or even a separation agreement and release for their review and signature pursuant to the separation pay policy.

4.     The policies and practices of Defendants, as alleged herein, are unlawful, unfair and deceptive business practices whereby Defendants have retained severance payment amounts due to Plaintiffs and other similarly situated employees pursuant to Defendants' severance policy. Defendants' unlawful, unfair and deceptive employment practices cheat Plaintiff and other members of the proposed class out of their lawfully due and owed severance. Plaintiffs therefore seek an injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiffs and all members of the proposed class, and all other appropriate equitable relief.

## IDENTIFICATION OF THE PARTIES

5.     Plaintiff KIMBERLY LYNN is a competent adult who resides in the City and County of San Diego, State of California. For many years and through March 2020, Plaintiff LYNN was employed by Defendants on a regular and full-time hourly basis.

6.     Plaintiff EDWARD FREEMAN is a competent adult who resides in the City and County of San Diego, State of California. For decades and through March 2020, Plaintiff FREEMAN was employed by Defendants on a regular and full-time basis. After more than two years after his involuntary loss of employment with Defendants, Plaintiff FREEMAN was only very recently re-hired by Defendants during June 2022.

7.     Plaintiffs are informed and believe, and thereon allege, that Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. is a publicly traded Delaware corporation with its principal place of business in Orlando, Florida. According to Defendants' website, www.seaworldentertainment.com, SEAWORLD PARKS & ENTERTAINMENT, INC. is "a leading theme park and entertainment company" and "one of the world's foremost zoological organizations and a global leader in animal husbandry, behavioral management, veterinary care and animal welfare."

8.     At all times mentioned herein, Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. has been doing business in the State of California through its ownership and operation of the Sea World theme park in San Diego, California.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. employed Plaintiffs and the members of the proposed class through March 2020 and, at that time, furloughed indefinitely and never recalled, re-hired, or reinstated these indefinitely furloughed employees (including Plaintiffs), or did not do so for nearly two-and-one-half years. Instead, Defendants hired new and/or lesser experienced/qualified workers to replace them and Defendants never provided severance agreements to these involuntarily separated employees or pay them severance as required by their severance policy.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant SEA WORLD LLC is a Delaware corporation with its principal place of business in San Diego, California. According to Defendants' Annual Report for the fiscal year dated December 31, 2018: "Our legacy started in 1959 with the opening of our first Busch Gardens theme park in Tampa, Florida. Since then, we have developed our portfolio of strong brands and strategically expanded across five

– 4 –

states. On December 1, 2009, investment funds affiliated with The Blackstone Group L.P. and certain co-investors, through SeaWorld Entertainment, Inc. and its wholly owned subsidiary, SeaWorld Parks & Entertainment, Inc. ("SEA"), acquired 100% of the equity interests of **Sea World LLC** (f/k/a Sea World, Inc.) [emphasis added] and SeaWorld Parks & Entertainment LLC (f/k/a Busch Entertainment Corporation) from certain subsidiaries of Anheuser-Busch Companies, Inc. We refer to this acquisition and related financing transactions as the '2009 Transactions.' SeaWorld Entertainment, Inc. was incorporated in Delaware on October 2, 2009 in connection with the 2009 Transactions and changed its name from SW Holdco, Inc. to SeaWorld Entertainment, Inc. in December 2012. We completed our initial public offering (the "IPO") in April 2013 and our common stock is listed on the New York Stock Exchange under the symbol 'SEAS'."

11. At all times mentioned herein, Defendant SEA WORLD LLC has been doing business in the State of California through its ownership and operation of the Sea World theme park in San Diego, California.

12. Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant SEA WORLD LLC employed Plaintiffs and the members of the proposed class through March 2020 and, at that time, furloughed indefinitely and never recalled, re-hired, or reinstated these involuntarily separated employees (including Plaintiffs), or did not do so for up to nearly two-and-one-half years. Instead, Defendants hired new and/or lesser experienced/qualified workers to replace them and Defendants never provided severance agreements to these indefinitely furloughed employees or pay them severance as required by their severance policy.

13. Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

14. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiffs will amend this Complaint to

set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

15.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. Plaintiffs are further informed and believe that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

16.    When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

17.    When in this Complaint reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

**JURISDICTION AND VENUE**

18.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

19.    This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

20.    This Court has jurisdiction over Defendants because each co-defendant is a corporation, limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through its ownership and operation of the Sea World theme park in San Diego, California,

1    to render the exercise of jurisdiction by the California courts consistent with traditional notions of

2    fair play and substantial justice.

3        21.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of

4    Civil Procedure § 395. Defendants' actionable and unlawful employment practices as to Plaintiffs

5    and numerous other employees occurred at the Sea World theme park in the City and County of San

6    Diego, State of California.

7    <center>**CLASS ACTION ALLEGATIONS**</center>

8        22.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

9        23.    Plaintiffs bring this suit as a class action pursuant to California Code of Civil

10    Procedure § 382 on behalf of themselves and all individuals who are or previously were employed

11    by Defendants in the State of California and who were indefinitely furloughed and not rehired,

12    recalled, or reinstated and/or suffered an involuntary loss of employment. The class period

13    applicable to the Classes is defined as the period beginning March 1, 2020 to the present and ending

14    on the date as determined by the Court. Defendants have subjected these employees to indefinite

15    furlough without rehire, reinstatement, recall, and/or involuntary loss of employment without

16    making severance payment as required by policy.

17        24.    The putative class Plaintiffs will seek to certify is currently composed of and defined

18    as follows:

19    
20              **All persons employed in California as regular, salaried, and/or full-**
          **time hourly employees by SEAWORLD PARKS &**

21              **ENTERTAINMENT, INC. or SEA WORLD LLC who suffered an**
          **involuntary loss of employment from March 1, 2020 through**

22              **September 2, 2020 and who did not receive severance pay**
          **(hereinafter, the "CLASS").**

23        25.    Numerosity: The potential number of members of the CLASS as defined is so

24    numerous that joinder of all members would be unfeasible and unpractical. The disposition of their

25    claims through this class action will benefit both the parties and this Court. The quantity of members

26    of the CLASS is currently unknown to Plaintiffs; however, it is estimated that there are at least 250

27    members in the CLASS. The quantity and identity of such membership is readily ascertainable via

28

<center>– 7 –</center>

<center>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**</center>

EXHIBIT 1 - PAGE 16

inspection of Defendants' employment records, which Defendants are required to maintain under California law.

26.     <u>Typicality</u>:  The claims of Plaintiffs are typical of the claims of all members of the CLASS herein because all members of the CLASS sustained injuries and damages arising out of Defendants' common course of conduct in violation of California law, and the injuries and damages of all members of the CLASS were caused by Defendants' wrongful conduct in violation of California law, as alleged herein.

27.     <u>Adequacy</u>:  Plaintiffs are adequate representatives of the CLASS and will fairly protect the interests of the members of the CLASS, and have no interests antagonistic to the members of the CLASS, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.  Plaintiffs understand that they assume a fiduciary responsibility to the CLASS to represent their interests fairly and adequately.  Plaintiffs recognize that they must represent and consider the interests of the CLASS just as they would represent and consider their own interests. Plaintiffs understand that when making decisions regarding the conduct of the litigation and possible settlement, they must not favor their own individual interest over the interests of the CLASS as a whole. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

28.     <u>Superiority</u>.  The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein:

This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

a.      If each individual member of the CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and

– 8 –

overwhelm the limited resources of each member of the CLASS with Defendants' vastly superior financial and legal resources.

b.   Requiring each individual member of the CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

c.   Proof of a common business practice or factual pattern, of which the members of the CLASS experienced, is representative of the CLASS herein and will establish the right of each of the members of CLASS to recover on the causes of action alleged herein; and

d.   The prosecution of separate actions by the individual members of the CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CLASS.

Existence and Predominance of Common Questions of Fact and Law:

29.   There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the CLASS including, without limitation:

a.   Whether Defendants subjected the members of the CLASS to a furlough of indefinite length;

b.   Whether members of the CLASS suffered an involuntary loss of employment;

c.   Whether Defendants breached its severance policy;

d.   Whether members of the CLASS were entitled to severance payments;

e.   Whether Defendants' conduct constituted unfair or unlawful business practices

– 9 –

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 1 - PAGE 18

within the meaning of Business & Professions Code § 17200 *et seq.*;

  f. Whether the members of the CLASS are entitled to compensatory damages, and if so, the means of measuring such damages;

  g. Whether the members of the CLASS are entitled to injunctive relief;

  h. Whether the members of the CLASS are entitled to restitution;

  i. Whether the members of the CLASS are entitled to disgorgement of profits;

  j. Whether Defendants are liable for pre-judgment interest; and

  k. Whether Defendants are liable for attorneys' fees and costs.

<div align="center">

**FIRST CAUSE OF ACTION**
***Breach of Written Contract***

(On Behalf of Plaintiffs and the CLASS)
</div>

  30. Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

  31. Defendants' severance pay policy (HR.0400), required Defendants to make payment to all eligible employees who "suffer an involuntary loss of employment" via a substantial workforce reduction or reorganization or, alternatively, the elimination of the employee's position.

  32. For full-time employees, Defendants' severance pay policy requires payment of one (1) week of pay per year of service for full-time hourly employees, and two (2) weeks of pay per year of service for salaried employees. The maximum severance payment for both salaried and full-time hourly employees is 26 weeks.

  33. Despite causing members of the Class (including Plaintiffs) an "involuntary loss of employment" when it shut down its California theme-park operations and informed employees that they were furloughed for an indefinite and unknown period of time, Defendants did not make severance payments to any of the workers with whom they had separated employment. Nor did Defendants do so through September 2020 despite the employees still suffering a loss of employment. Nor did Defendants do so even through to the present for those employees (including

<div align="center">– 10 –</div>

1  Plaintiffs) still suffering an "involuntary loss of employment" because they still have not been
2  recalled, rehired, or reinstated, and are somehow still on "furlough".[1]

3      34.    Defendants never provided severance payments to any of the members of the Class
4  (including Plaintiffs) who suffered an involuntary loss of employment in March or April 2020.

5      35.    Defendants never provided severance agreements to members of the Class (including
6  Plaintiffs) for review and/or signature, despite the involuntary loss of employment. Thus, members
7  of the Class (including Plaintiffs) were never provided an opportunity to sign (and were in fact
8  prevented from signing) a separation agreement "in a form provided by and acceptable to
9  [Defendants]" pursuant to Defendants' separation pay policy.

10     36.    Plaintiffs and members of the CLASS at all time fulfilled their obligations and
11 complied with any and all conditions of the written agreement(s) that they were required to perform,
12 except those that were either excused or that Defendants had prevented them from performing.

13     37.    Defendants failed and refused to perform as required by the written policy and/or
14 written agreement between members of the CLASS (including Plaintiffs) and Defendants.
15 Specifically, despite conditions requiring payment of severance pay to members of the CLASS
16 (including Plaintiffs) were met, Defendants have yet to pay Plaintiffs and/or members of the CLASS
17 the required amounts pursuant to the severance pay policy. Defendants' failure and refusal to
18 perform as required is a material breach of the written policy/contract between members of the
19 CLASS (including Plaintiffs) and Defendants.

20     38.    As a result of the breaches and actions of Defendants in failing and/or refusing to pay
21 amounts required by its severance pay policy, members of the CLASS, including Plaintiffs, were
22 damaged in an amount to be proven at trial (the amount of severance pay they were entitled to
23 receive).

24     39.    Defendants' conduct has been and continues to be unfair, unlawful, and harmful to
25 Plaintiffs, to the members of the CLASS, to the general public, and to Defendants' competitors.
26 Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the

27
28
[1] Plaintiff FREEMAN was recently (June 2022) offered a position comparable to that which he suffered an involuntary loss of employment in March 2020, which is well over two years later.

- 11 -

1  meaning of Code of Civil Procedure section 1021.5.

2  ### SECOND CAUSE OF ACTION
   (Breach of the Implied Covenant of Good Faith and Fair Dealing)

3

4  (On Behalf of Plaintiffs and the CLASS)

5  40.    Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above

6  as if fully set forth herein.

7  41.    Defendants intentionally and maliciously through their acts and/or omissions engaged

   in conduct for the purpose of denying Plaintiffs and members of the CLASS the benefits of the

8  written policy and/or written agreements between the parties.

9  42.    The conduct of Defendants resulted in a breach of their duty of good faith and fair

10 dealing owed to Plaintiffs and members of the CLASS.

11 43.    As a direct and proximate result, Plaintiffs and members of the CLASS have suffered

12 damages in an amount to be proven at trial.

13

14 ### THIRD CAUSE OF ACTION
   *Violation of San Diego Municipal Code § 311.0101*

15

16 (On Behalf of Plaintiffs)

17 44.    Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above

18 as if fully set forth herein.

19 45.    Among other requirements, San Diego Municipal Code § 311.0101 *et. seq.* ("Worker

20 Recall Ordinance") requires certain employers to offer laid-off employees in writing all job positions

21 which become available after September 8, 2020 that are the same or similar to the position held by

22 the employee at the time of the laid-off employee's most recent separation from active service, or

23 which the laid-off employee is or can be qualified for with the same training that would be provided

24 to a new employee. The Worker Recall Ordinance also requires a written notice to a laid-off

25 employee if the employer declines to recall and a written notice to each laid-off employee of the date

26 of their lay off and their rights under the Worker Recall Ordinance.

27 46.    Defendants never provided them with the written notices required by the Worker

28 Recall Ordinance. Defendants never recalled or rehired either Plaintiff or provided them written

– 12 –

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 1 - PAGE 21

notice of why they were not rehired through May 2022, despite re-hiring new employees or lesser-qualified employees to fill their positions. Defendants never provided Plaintiffs with written notice of job openings that were the same or similar to the positions they held at the time of their separation of employment in March or April 2020. Nor did Defendants provide Plaintiffs with written notice of job openings for which they were or could be qualified for with the same training that would be provided to a new employee. As noted previously herein, Defendants just recently in June 2022 offered Plaintiff FREEMAN his position (after well over two years since separation of employment). Defendants still have not offered Plaintiff LYNN her previous position, nor have they offered her any position since here separation of employment in March or April 2020.

47.    Instead of offering Plaintiffs their previous positions when they became available or offering them open positions that were similar or for which they could be qualified with the same training a new employee would receive, Defendants offered all such positions to new and/or lesser experienced candidates, in violation of the Worker Recall Ordinance.

48.    Class actions entitled *Jones et al. v. Sea World Parks & Entertainment, Inc. et al.*, San Diego Superior Court Case No. 37-2021-00049040, and *Bendorf et al. v. Sea World LLC, et al.*, San Diego Superior Court Case No. 37-2021-00036521, were filed on November 18, 2021, and August 25, 2021, respectively, alleging this claim on behalf of a class of Sea World Employees. These class actions toll the statute of limitations on Plaintiffs' claims (see *China Agritech v. Resh*, 138 S. Ct. 1800 (2018); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)).

49.    The Worker Recall Ordinance provides remedies that include: (1) hiring and reinstatement rights; (2) actual damages, including lost pay and benefits (or $1,000 in statutory damages, whichever is larger); (3) punitive damages; (4) attorneys fees and costs.

50.    As a result of the failure of Defendants to comply with the requirements of the Worker Recall Ordinance, Plaintiffs were damaged in an amount to be proven at trial, including lost pay and benefits, pre-judgment interest, attorneys' fees and costs pursuant to San Diego Municipal Code § 311.0106.

## FOURTH CAUSE OF ACTION
### *Unlawful and Unfair Business Practices*
### (Business & Professions Code §§ 17200 *et seq.*)

(On behalf of Plaintiffs and the CLASS)

51.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

52.    Within each of the four years prior to the commencement of this action, Plaintiffs are informed and believe, and thereon allege, that Defendants have unlawfully failed to pay all amounts due pursuant to the severance pay policy to members of the CLASS, including Plaintiffs, and have failed and refused to recall and/or rehire Plaintiffs in violation of the Worker Recall Ordinance and public policy.

53.    By committing the alleged acts and/or omissions as described in this Complaint, Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

54.    By the conduct alleged herein, Defendants have engaged and continue to engage in business practices which violate California law and for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of required payments wrongfully withheld.

55.    Plaintiffs allege, on the basis of information and belief, that by and through Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have obtained valuable property, money, and services from Plaintiffs and members of the CLASS, have deprived Plaintiffs and members of the CLASS of valuable rights and benefits guaranteed by law and contract, all to Plaintiffs' and CLASS members' detriment and to the benefit of Defendants.

56.    Plaintiffs are a "person" within the meaning of Business & Professions Code § 17204, who have suffered injury as a result of Defendants' unlawful acts, as described herein.  Plaintiffs have standing to bring this cause of action for injunctive relief, restitution and for the disgorgement of unlawfully earned profits, as is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of Plaintiffs and members of the CLASS, and on behalf of the general

- 14 -

public, Plaintiffs seek injunctive relief, restitution (to members of the CLASS) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members of the CLASS) obtained by Defendants as a result of Defendants' alleged unlawful and unfair acts and/or omissions described in this Complaint.

57.    Plaintiffs are informed and believe, and thereon allege, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, Defendants will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

## FIFTH CAUSE OF ACTION
### *Wrongful Termination In Violation of Public Policy*

(On behalf of Plaintiffs)

58.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

59.    The Worker Recall Ordinance expresses a public policy in favor of granting laid off employees the right to rehire and ensuring fair employment practices following the COVID-19 pandemic.

60.    By hiring new workers and/or lesser-experienced workers instead of rehiring Plaintiffs after the March 2020 layoff, Defendants wrongfully terminated Plaintiffs' employment in violation of public policy. Plaintiffs allege that Defendants wrongfully terminated their employment (and hired new or less-experienced workers instead of re-hiring Plaintiffs) on the basis of their age and/or complaints regarding workplace violations of company policy and/or California law.

61.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer economic and noneconomic damages, including loss of earnings and benefits, to be proven at trial.

## SIXTH CAUSE OF ACTION
### *Unlawful Prevention of Employment*
### (California Labor Code §§ 1050-1054)

(On behalf of Plaintiff LYNN)

62.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

63.    California Labor Code section 1050 prohibits an employer from preventing, or

- 15 -

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 1 - PAGE 24

1  attempting to prevent, a former employee from obtaining employment with another employer via
2  any misrepresentation. California Labor Code section 1054 provides for a private right of action for
3  any damages suffered by a former employee and treble damages for any violation.

4      64.    Plaintiff LYNN is informed and believes, and on that basis alleges, that Defendants
5  prevented her from obtaining employment subsequent to her being laid off by Defendants.

6      65.    As a result of Defendants prevention of Plaintiff LYNN obtaining employment with
7  another employer on or about March 2021 through July 2021, Plaintiff LYNN was damaged in an
8  amount to be proven at trial, including lost income and benefits.

<div align="center">

**SEVENTH CAUSE OF ACTION**
*Interference with Prospective Economic Advantage*

(On behalf of Plaintiff LYNN)

</div>

10     66.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

12     67.    Plaintiff LYNN applied for a position with another employer subsequent to
13  Defendants' layoff of its employees. Defendants were fully aware of Plaintiff LYNN's attempt to
14  obtain employment with the other employer and Plaintiff LYNN is informed and believes, and on
15  that basis alleges, that Defendants prevented her from obtaining employment with the other
16  employer. Plaintiff LYNN is informed and believes, and on that basis alleges, that she would have
17  been hired by the other employer but for Defendants' actions to prevent her from obtaining the
18  employment. Plaintiff LYNN alleges on information and belief that Defendants knew that their
19  interference with the employment process would prevent Plaintiff LYNN from being hired and, as a
20  result, Plaintiff LYNN would lose income and benefits. Plaintiff LYNN did indeed lose income and
21  benefits as a result of not obtaining employment with the other employer. On information and belief,
22  Plaintiff LYNN alleges that Defendants' communications with the other employer and interference
23  with the hiring process was at least a substantial factor and likely the sole cause of Plaintiff LYNN
24  not obtaining employment with the other employer.

25     68.    As a result of Defendants prevention of Plaintiff LYNN obtaining employment with
26  another employer subsequent to Defendants' layoff, Plaintiff LYNN was damaged in an amount to
27  be proven at trial, including lost income and benefits.

<div align="center">

- 16 -

</div>

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of all others similarly situated, pray for judgment as follows:

1.     That the Court issue an Order certifying the CLASS, appointing the named Plaintiffs as representatives of all others similarly situated and appointing the law firms representing the named Plaintiffs, Blanchard, Krasner and French and the Law Office of David A. Huch, as counsel for members of the CLASS;

2.     For compensatory, general, and/or actual damages (including severance pay) according to proof to Plaintiffs and the members of the CLASS;

3.     For compensatory, general, statutory and/or actual damages (including lost pay and benefits and other compensation) according to proof to Plaintiffs;

4.     For treble damages to Plaintiff LYNN pursuant to California Labor Code §1054;

5.     For hiring and reinstatement rights pursuant to SDMC § 311.0106(a)(1);

6.     For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to Plaintiff's causes of action;

7.     For an Order compelling Defendants to restore unpaid amounts, including lost income and related benefits (in the form of restitution), to Plaintiffs and each of the members of the CLASS who have suffered as a result of Defendants' unlawful and unfair practices alleged herein;

8.     For an order compelling Defendants to disgorge and pay over to Plaintiffs and the members of the CLASS all profits and savings resulting from Defendants' unlawful and unfair business practices alleged herein;

9.     For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein;

10.     For attorneys' fees, litigation expenses, and costs pursuant to Code of Civil Procedure §1021.5, SDMC §311.0106(a)(4), and/or any other applicable provisions providing for attorneys' fees and costs; and

11.     For such other and further relief as the court deems just and proper;

– 17 –

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 1 - PAGE 26

1

2  DATED:  June 27, 2022                    BLANCHARD, KRASNER & FRENCH

3
                                           /s/ David Hawkes
4                                          DAVID C. HAWKES

5                                          Attorneys for Plaintiffs EDWARD FREEMAN and
6                                          KIMBERLY LYNN, individually, on behalf of all
                                           others similarly situated, and on behalf of the general
7                                          public.

8                                          LAW OFFICE OF DAVID A. HUCH
9                                          David A. Huch, SBN: 222892
                                           david.a.huch@gmail.com
10                                         12223 Highland Ave., Ste. 106-574
                                           Rancho Cucamonga, CA  91739
11                                         Telephone:    (909) 463-6363
                                           Facsimile:    (909) 614-7008
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF
EXHIBIT 1 - PAGE 27

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 W Broadway | |
| MAILING ADDRESS:    330 W Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101-3827 | |
| DIVISION:    Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |
| PLAINTIFF(S) / PETITIONER(S):    Edward Freeman et al. | |
| DEFENDANT(S) / RESPONDENT(S): Seaworld Parks & Entertainment Inc et al. | |
| FREEMAN VS SEAWORLD PARKS & ENTERTAINMENT INC [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2022-00025151-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Eddie C Sturgeon                                                   Department:  C-67

## COMPLAINT/PETITION FILED: 06/27/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/19/2023 | 10:30 am | C-67 | Eddie C Sturgeon |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form, (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a); unlawful detainer actions; proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings, as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT 1 - PAGE 28

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT 1 - PAGE 29



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00025151-CU-OE-CTL     CASE TITLE: Freeman vs Seaworld Parks & Entertainment Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT 1 - PAGE 30

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
*   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
*   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT 1 - PAGE 31

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:         Central | |

| PLAINTIFF(S):   Edward Freeman et al. |
|---|

| DEFENDANT(S): Seaworld Parks & Entertainment Inc et al. |
|---|

| SHORT TITLE:    FREEMAN VS SEAWORLD PARKS & ENTERTAINMENT INC [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00025151-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                        Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  06/28/2022                             _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

EXHIBIT 1 - PAGE 32

# EXHIBIT 2



## Service of Process Transmittal Summary

**TO:** Laurie Beechner
Sea World Parks And Entertainment, LLC
6240 SEA HARBOR DRIVE
ORLANDO, FL 32821

**RE:** **Process Served in California**

**FOR:** SEA WORLD LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EDWARD FREEMAN and KIMBERLY LYNN, Individually and On Behalf of All Others Similarly Situated // To: SEA WORLD LLC |
| **CASE #:** | 37202200025151CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/30/2022 at 01:07 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laurie Beechner  laurie.beechner@seaworld.com |
| | Email Notification,  Paula Brady  paula.brady@seaworld.com |
| | Email Notification,  David Perrow  david.perrow@seaworld.com |
| | Email Notification,  Paul Kirchner  paul.kirchner@seaworld.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-203-1500 |
| | DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT 2 - PAGE 33



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Thu, Jun 30, 2022
**Server Name:**                             Victor Mendez

| Entity Served | SEA WORLD LLC |
|---------------|---------------|
| Case Number | 37202200025151CUOECTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT 2 - PAGE 34

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware
Corporation; SEA WORLD LLC; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDWARD FREEMAN and KIMBERLY LYNN, Individually and On
Behalf of All Others Similarly Situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/27/2022** at 07:37:52 PM
Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>Hall of Justice, 330 W. Broadway<br>San Diego, CA 92101 | 37-2022-00025161-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David C. Hawkes, Blanchard Krasner et al., 800 Silverado St., 2nd Floor, La Jolla, CA 92037 (858) 551-2440

| DATE:<br>*(Fecha)* | 06/28/2022 | Clerk, by<br>*(Secretario)* | J. Siharath | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **SEA WORLD LLC**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT 2 - PAGE 35



1  BLANCHARD, KRASNER & FRENCH
   David C. Hawkes; SBN: 224241
2  dhawkes@bkflaw.com
   800 Silverado St., 2nd Floor
3  La Jolla, CA 92037
   Telephone:    (858) 551-2440
4
5  LAW OFFICE OF DAVID A. HUCH
   David A. Huch; SBN: 222892
6  david.a.huch@gmail.com
   12223 Highland Ave., Ste. 106-574
7  Rancho Cucamonga, CA 91739
   Telephone:    (909) 463-6363
8
9  Attorneys for Plaintiffs EDWARD FREEMAN and
   KIMBERLY LYNN
10
11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                IN AND FOR THE COUNTY OF SAN DIEGO
13
   EDWARD FREEMAN and KIMBERLY      )  Case No.
14 LYNN, Individually and On Behalf of All )
   Others Similarly Situated,         )  CLASS ACTION COMPLAINT FOR
15                                     )  DAMAGES, RESTITUTION &
                    Plaintiffs,        )  INJUNCTIVE RELIEF:
16                                     )
17 v.                                  )  1.  Breach of Written Contract;
                                       )  2.  Breach of the Implied Covenant of Good
18                                     )      Faith and Fair Dealing;
   SEAWORLD PARKS &                    )  3.  Violation of San Diego Municipal Code §
19 ENTERTAINMENT, INC., a Delaware     )      311.0101;
   Corporation; SEA WORLD LLC; and     )  4.  Unlawful and Unfair Business Practices
20 DOES 1 through 50, inclusive,       )      (Cal. Bus. & Prof. Code § 17200 et seq.);
                                       )  5.  Wrongful Termination;
21                                     )  6.  Unlawful Prevention of Employment
              Defendants.              )      (Cal. Lab. Code §§ 1050 – 1054); and
22                                     )  7.  Interference with Prospective Economic
                                       )      Advantage
23                                     )
                                       )        JURY TRIAL DEMANDED
24                                     )        [Unlimited Civil Action]
25                                     )
26 _____)
27
28
                            — 1 —

   CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 2 - PAGE 36

Plaintiffs EDWARD FREEMAN and KIMBERLY LYNN, on their own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.      This is a class action brought by Plaintiffs EDWARD FREEMAN and KIMBERLY LYNN (collectively, "Plaintiffs"), individually and on behalf of furloughed and/or terminated employees of Defendants SEAWORLD PARKS & ENTERTAINMENT, INC., SEA WORLD LLC, and DOES 1 through 50 ("Defendants" or "Sea World") in the State of California, during the period of March 1, 2020 to the present ("Class Period").

2.      On or about March 27, 2020, Defendants notified Plaintiffs and other employees that they would be furloughed effective April 1, 2020. As stated by Sea World in is filing with the Securities and Exchange Commission (SEC) on March 27, 2020, "The furlough period is uncertain at this time due to the temporary park closures and will be reassessed as business conditions dictate." As a result of the furlough, Defendants ceased all employee benefits, including health insurance, on March 31, 2020. Defendants also encouraged Plaintiffs and other employees to apply for unemployment benefits with the State of California and were provided an information sheet regarding "The Best Ways to Find Jobs During Your Furlough." Out of the 2,500+ workers in California that were furloughed on or about April 1, 2020, on information and belief, Plaintiffs allege that several hundred were never rehired, recalled, or reinstated and, to this day, remain on "temporary" furlough (including Plaintiff LYNN) or were only recently offered a position (over two years later, including Plaintiff FREEMAN). Instead of recalling, re-hiring, or reinstating these furloughed employees (including Plaintiffs), Defendants hired new and/or lesser experienced/qualified workers to replace them. Within approximately one year of the furlough, Defendants were back to fully-operational and full-staffing, yet hundreds of furloughed employees (including Plaintiffs) were not re-hired or recalled.

3.      On April 1, 2020, Defendants' severance pay policy required Defendants to make payment to all eligible employees who "suffer an involuntary loss of employment" via a substantial

1  workforce reduction or reorganization or, alternatively, the elimination of the employee's position.
2  For full-time employees, Defendants' severance policy required payment of one (1) week of pay per
3  year of service for full-time hourly employees, and two (2) weeks of pay per year of service for
4  salaried employees.   The maximum severance payment for both salaried and full-time hourly
5  employees is 26 weeks. Despite causing 2,500+ of its California employees (including Plaintiffs)
6  an "involuntary loss of employment" when it shut down its California theme-park operations and
7  informed employees that they were furloughed for an indefinite and unknown period of time, and
8  ceased all employee benefits (such as health insurance), Defendants did not make severance
9  payments to any of the workers with whom they had separated employment via the extended,
10  indefinite furlough or via formal termination of employment. Nor did defendants do so through
11  September 2020 despite many of the laid-off employees still suffering a loss of employment. Nor
12  did Defendants do so even through to the present for those employees (including Plaintiff LYNN)
13  still suffering an "involuntary loss of employment" because they still have not been recalled, rehired,
14  or reinstated, and are somehow still on "furlough". Defendants never provided severance payments
15  to any of the furloughed employees (including Plaintiffs), or even a separation agreement and release
16  for their review and signature pursuant to the separation pay policy.

17      4.      The policies and practices of Defendants, as alleged herein, are unlawful, unfair and
18  deceptive business practices whereby Defendants have retained severance payment amounts due to
19  Plaintiffs and other similarly situated employees pursuant to Defendants' severance policy.
20  Defendants' unlawful, unfair and deceptive employment practices cheat Plaintiff and other members
21  of the proposed class out of their lawfully due and owed severance. Plaintiffs therefore seek an
22  injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiffs
23  and all members of the proposed class, and all other appropriate equitable relief.

24                    **IDENTIFICATION OF THE PARTIES**

25      5.      Plaintiff KIMBERLY LYNN is a competent adult who resides in the City and County
26  of San Diego, State of California. For many years and through March 2020, Plaintiff LYNN was
27  employed by Defendants on a regular and full-time hourly basis.

28

6.    Plaintiff EDWARD FREEMAN is a competent adult who resides in the City and County of San Diego, State of California. For decades and through March 2020, Plaintiff FREEMAN was employed by Defendants on a regular and full-time basis. After more than two years after his involuntary loss of employment with Defendants, Plaintiff FREEMAN was only very recently re-hired by Defendants during June 2022.

7.    Plaintiffs are informed and believe, and thereon allege, that Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. is a publicly traded Delaware corporation with its principal place of business in Orlando, Florida. According to Defendants' website, www.seaworldentertainment.com, SEAWORLD PARKS & ENTERTAINMENT, INC. is "a leading theme park and entertainment company" and "one of the world's foremost zoological organizations and a global leader in animal husbandry, behavioral management, veterinary care and animal welfare."

8.    At all times mentioned herein, Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. has been doing business in the State of California through its ownership and operation of the Sea World theme park in San Diego, California.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant SEAWORLD PARKS & ENTERTAINMENT, INC. employed Plaintiffs and the members of the proposed class through March 2020 and, at that time, furloughed indefinitely and never recalled, re-hired, or reinstated these indefinitely furloughed employees (including Plaintiffs), or did not do so for nearly two-and-one-half years. Instead, Defendants hired new and/or lesser experienced/qualified workers to replace them and Defendants never provided severance agreements to these involuntarily separated employees or pay them severance as required by their severance policy.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant SEA WORLD LLC is a Delaware corporation with its principal place of business in San Diego, California. According to Defendants' Annual Report for the fiscal year dated December 31, 2018: "Our legacy started in 1959 with the opening of our first Busch Gardens theme park in Tampa, Florida. Since then, we have developed our portfolio of strong brands and strategically expanded across five

– 4 –

states. On December 1, 2009, investment funds affiliated with The Blackstone Group L.P. and certain co-investors, through SeaWorld Entertainment, Inc. and its wholly owned subsidiary, SeaWorld Parks & Entertainment, Inc. ("SEA"), acquired 100% of the equity interests of **Sea World LLC** (f/k/a Sea World, Inc.) [emphasis added] and SeaWorld Parks & Entertainment LLC (f/k/a Busch Entertainment Corporation) from certain subsidiaries of Anheuser-Busch Companies, Inc. We refer to this acquisition and related financing transactions as the '2009 Transactions.' SeaWorld Entertainment, Inc. was incorporated in Delaware on October 2, 2009 in connection with the 2009 Transactions and changed its name from SW Holdco, Inc. to SeaWorld Entertainment, Inc. in December 2012. We completed our initial public offering (the "IPO") in April 2013 and our common stock is listed on the New York Stock Exchange under the symbol 'SEAS'."

11.    At all times mentioned herein, Defendant SEA WORLD LLC has been doing business in the State of California through its ownership and operation of the Sea World theme park in San Diego, California.

12.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant SEA WORLD LLC employed Plaintiffs and the members of the proposed class through March 2020 and, at that time, furloughed indefinitely and never recalled, re-hired, or reinstated these involuntarily separated employees (including Plaintiffs), or did not do so for up to nearly two-and-one-half years. Instead, Defendants hired new and/or lesser experienced/qualified workers to replace them and Defendants never provided severance agreements to these indefinitely furloughed employees or pay them severance as required by their severance policy.

13.    Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

14.    Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiffs will amend this Complaint to

set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

15.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. Plaintiffs are further informed and believe that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

16.    When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

17.    When in this Complaint reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

## JURISDICTION AND VENUE

18.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

19.    This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

20.    This Court has jurisdiction over Defendants because each co-defendant is a corporation, limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through its ownership and operation of the Sea World theme park in San Diego, California,

– 6 –

1   to render the exercise of jurisdiction by the California courts consistent with traditional notions of

2   fair play and substantial justice.

3         21.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of

4   Civil Procedure § 395. Defendants' actionable and unlawful employment practices as to Plaintiffs

5   and numerous other employees occurred at the Sea World theme park in the City and County of San

6   Diego, State of California.

7   <div align="center">**CLASS ACTION ALLEGATIONS**</div>

8         22.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

9         23.    Plaintiffs bring this suit as a class action pursuant to California Code of Civil

10  Procedure § 382 on behalf of themselves and all individuals who are or previously were employed

11  by Defendants in the State of California and who were indefinitely furloughed and not rehired,

12  recalled, or reinstated and/or suffered an involuntary loss of employment. The class period

13  applicable to the Classes is defined as the period beginning March 1, 2020 to the present and ending

14  on the date as determined by the Court. Defendants have subjected these employees to indefinite

15  furlough without rehire, reinstatement, recall, and/or involuntary loss of employment without

16  making severance payment as required by policy.

17        24.    The putative class Plaintiffs will seek to certify is currently composed of and defined

18  as follows:

19            **All persons employed in California as regular, salaried, and/or full-**

20            **time hourly employees by SEAWORLD PARKS &**
              **ENTERTAINMENT, INC. or SEA WORLD LLC who suffered an**

21            **involuntary loss of employment from March 1, 2020 through**
              **September 2, 2020 and who did not receive severance pay**

22            **(hereinafter, the "CLASS").**

23        25.    Numerosity: The potential number of members of the CLASS as defined is so

24  numerous that joinder of all members would be unfeasible and unpractical. The disposition of their

25  claims through this class action will benefit both the parties and this Court. The quantity of members

26  of the CLASS is currently unknown to Plaintiffs; however, it is estimated that there are at least 250

27  members in the CLASS. The quantity and identity of such membership is readily ascertainable via

28

<div align="center">– 7 –</div>

<div align="center">**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**</div>

EXHIBIT 2 - PAGE 42

inspection of Defendants' employment records, which Defendants are required to maintain under California law.

26.    Typicality:  The claims of Plaintiffs are typical of the claims of all members of the CLASS herein because all members of the CLASS sustained injuries and damages arising out of Defendants' common course of conduct in violation of California law, and the injuries and damages of all members of the CLASS were caused by Defendants' wrongful conduct in violation of California law, as alleged herein.

27.    Adequacy:  Plaintiffs are adequate representatives of the CLASS and will fairly protect the interests of the members of the CLASS, and have no interests antagonistic to the members of the CLASS, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.  Plaintiffs understand that they assume a fiduciary responsibility to the CLASS to represent their interests fairly and adequately.  Plaintiffs recognize that they must represent and consider the interests of the CLASS just as they would represent and consider their own interests. Plaintiffs understand that when making decisions regarding the conduct of the litigation and possible settlement, they must not favor their own individual interest over the interests of the CLASS as a whole. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

28.    Superiority.  The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein:

This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

    a.    If each individual member of the CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and

– 8 –

overwhelm the limited resources of each member of the CLASS with Defendants' vastly superior financial and legal resources.

b.   Requiring each individual member of the CLASS to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

c.   Proof of a common business practice or factual pattern, of which the members of the CLASS experienced, is representative of the CLASS herein and will establish the right of each of the members of CLASS to recover on the causes of action alleged herein; and

d.   The prosecution of separate actions by the individual members of the CLASS, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CLASS.

Existence and Predominance of Common Questions of Fact and Law:

29.   There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the CLASS including, without limitation:

a.   Whether Defendants subjected the members of the CLASS to a furlough of indefinite length;

b.   Whether members of the CLASS suffered an involuntary loss of employment;

c.   Whether Defendants breached its severance policy;

d.   Whether members of the CLASS were entitled to severance payments;

e.   Whether Defendants' conduct constituted unfair or unlawful business practices

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 2 - PAGE 44

within the meaning of Business & Professions Code § 17200 *et seq.*;

      f.      Whether the members of the CLASS are entitled to compensatory damages, and if so, the means of measuring such damages;

      g.      Whether the members of the CLASS are entitled to injunctive relief;

      h.      Whether the members of the CLASS are entitled to restitution;

      i.      Whether the members of the CLASS are entitled to disgorgement of profits;

      j.      Whether Defendants are liable for pre-judgment interest; and

      k.      Whether Defendants are liable for attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### Breach of Written Contract

(On Behalf of Plaintiffs and the CLASS)

30.      Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

31.      Defendants' severance pay policy (HR.0400), required Defendants to make payment to all eligible employees who "suffer an involuntary loss of employment" via a substantial workforce reduction or reorganization or, alternatively, the elimination of the employee's position.

32.      For full-time employees, Defendants' severance pay policy requires payment of one (1) week of pay per year of service for full-time hourly employees, and two (2) weeks of pay per year of service for salaried employees. The maximum severance payment for both salaried and full-time hourly employees is 26 weeks.

33.      Despite causing members of the Class (including Plaintiffs) an "involuntary loss of employment" when it shut down its California theme-park operations and informed employees that they were furloughed for an indefinite and unknown period of time, Defendants did not make severance payments to any of the workers with whom they had separated employment. Nor did Defendants do so through September 2020 despite the employees still suffering a loss of employment. Nor did Defendants do so even through to the present for those employees (including

Plaintiffs) still suffering an "involuntary loss of employment" because they still have not been recalled, rehired, or reinstated, and are somehow still on "furlough".[1]

34.     Defendants never provided severance payments to any of the members of the Class (including Plaintiffs) who suffered an involuntary loss of employment in March or April 2020.

35.     Defendants never provided severance agreements to members of the Class (including Plaintiffs) for review and/or signature, despite the involuntary loss of employment. Thus, members of the Class (including Plaintiffs) were never provided an opportunity to sign (and were in fact prevented from signing) a separation agreement "in a form provided by and acceptable to [Defendants]" pursuant to Defendants' separation pay policy.

36.     Plaintiffs and members of the CLASS at all time fulfilled their obligations and complied with any and all conditions of the written agreement(s) that they were required to perform, except those that were either excused or that Defendants had prevented them from performing.

37.     Defendants failed and refused to perform as required by the written policy and/or written agreement between members of the CLASS (including Plaintiffs) and Defendants. Specifically, despite conditions requiring payment of severance pay to members of the CLASS (including Plaintiffs) were met, Defendants have yet to pay Plaintiffs and/or members of the CLASS the required amounts pursuant to the severance pay policy. Defendants' failure and refusal to perform as required is a material breach of the written policy/contract between members of the CLASS (including Plaintiffs) and Defendants.

38.     As a result of the breaches and actions of Defendants in failing and/or refusing to pay amounts required by its severance pay policy, members of the CLASS, including Plaintiffs, were damaged in an amount to be proven at trial (the amount of severance pay they were entitled to receive).

39.     Defendants' conduct has been and continues to be unfair, unlawful, and harmful to Plaintiffs, to the members of the CLASS, to the general public, and to Defendants' competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the

---

[1] Plaintiff FREEMAN was recently (June 2022) offered a position comparable to that which he suffered an involuntary loss of employment in March 2020, which is well over two years later.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 2 - PAGE 46

meaning of Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

(On Behalf of Plaintiffs and the CLASS)

40.    Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

41.    Defendants intentionally and maliciously through their acts and/or omissions engaged in conduct for the purpose of denying Plaintiffs and members of the CLASS the benefits of the written policy and/or written agreements between the parties.

42.    The conduct of Defendants resulted in a breach of their duty of good faith and fair dealing owed to Plaintiffs and members of the CLASS.

43.    As a direct and proximate result, Plaintiffs and members of the CLASS have suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
*Violation of San Diego Municipal Code § 311.0101*

(On Behalf of Plaintiffs)

44.    Plaintiffs hereby incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

45.    Among other requirements, San Diego Municipal Code § 311.0101 *et. seq.* ("Worker Recall Ordinance") requires certain employers to offer laid-off employees in writing all job positions which become available after September 8, 2020 that are the same or similar to the position held by the employee at the time of the laid-off employee's most recent separation from active service, or which the laid-off employee is or can be qualified for with the same training that would be provided to a new employee. The Worker Recall Ordinance also requires a written notice to a laid-off employee if the employer declines to recall and a written notice to each laid-off employee of the date of their lay off and their rights under the Worker Recall Ordinance.

46.    Defendants never provided them with the written notices required by the Worker Recall Ordinance. Defendants never recalled or rehired either Plaintiff or provided them written

–  12  –

notice of why they were not rehired through May 2022, despite re-hiring new employees or lesser-qualified employees to fill their positions. Defendants never provided Plaintiffs with written notice of job openings that were the same or similar to the positions they held at the time of their separation of employment in March or April 2020. Nor did Defendants provide Plaintiffs with written notice of job openings for which they were or could be qualified for with the same training that would be provided to a new employee. As noted previously herein, Defendants just recently in June 2022 offered Plaintiff FREEMAN his position (after well over two years since separation of employment). Defendants still have not offered Plaintiff LYNN her previous position, nor have they offered her any position since here separation of employment in March or April 2020.

47.     Instead of offering Plaintiffs their previous positions when they became available or offering them open positions that were similar or for which they could be qualified with the same training a new employee would receive, Defendants offered all such positions to new and/or lesser experienced candidates, in violation of the Worker Recall Ordinance.

48.     Class actions entitled *Jones et al. v. Sea World Parks & Entertainment, Inc. et al.*, San Diego Superior Court Case No. 37-2021-00049040, and *Bendorf et al. v. Sea World LLC, et al.*, San Diego Superior Court Case No. 37-2021-00036521, were filed on November 18, 2021, and August 25, 2021, respectively, alleging this claim on behalf of a class of Sea World Employees. These class actions toll the statute of limitations on Plaintiffs' claims (see *China Agritech v. Resh*, 138 S. Ct. 1800 (2018); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)).

49.     The Worker Recall Ordinance provides remedies that include: (1) hiring and reinstatement rights; (2) actual damages, including lost pay and benefits (or $1,000 in statutory damages, whichever is larger); (3) punitive damages; (4) attorneys fees and costs.

50.     As a result of the failure of Defendants to comply with the requirements of the Worker Recall Ordinance, Plaintiffs were damaged in an amount to be proven at trial, including lost pay and benefits, pre-judgment interest, attorneys' fees and costs pursuant to San Diego Municipal Code § 311.0106.

- 13 -

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 2 - PAGE 48

**FOURTH CAUSE OF ACTION**
*Unlawful and Unfair Business Practices*
**(Business & Professions Code §§ 17200 *et seq.*)**

(On behalf of Plaintiffs and the CLASS)

51.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

52.    Within each of the four years prior to the commencement of this action, Plaintiffs are informed and believe, and thereon allege, that Defendants have unlawfully failed to pay all amounts due pursuant to the severance pay policy to members of the CLASS, including Plaintiffs, and have failed and refused to recall and/or rehire Plaintiffs in violation of the Worker Recall Ordinance and public policy.

53.    By committing the alleged acts and/or omissions as described in this Complaint, Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

54.    By the conduct alleged herein, Defendants have engaged and continue to engage in business practices which violate California law and for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of required payments wrongfully withheld.

55.    Plaintiffs allege, on the basis of information and belief, that by and through Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have obtained valuable property, money, and services from Plaintiffs and members of the CLASS, have deprived Plaintiffs and members of the CLASS of valuable rights and benefits guaranteed by law and contract, all to Plaintiffs' and CLASS members' detriment and to the benefit of Defendants.

56.    Plaintiffs are a "person" within the meaning of Business & Professions Code § 17204, who have suffered injury as a result of Defendants' unlawful acts, as described herein. Plaintiffs have standing to bring this cause of action for injunctive relief, restitution and for the disgorgement of unlawfully earned profits, as is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of Plaintiffs and members of the CLASS, and on behalf of the general

– 14 –

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 2 - PAGE 49

public, Plaintiffs seek injunctive relief, restitution (to members of the CLASS) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members of the CLASS) obtained by Defendants as a result of Defendants' alleged unlawful and unfair acts and/or omissions described in this Complaint.

57.    Plaintiffs are informed and believe, and thereon allege, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, Defendants will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

## FIFTH CAUSE OF ACTION
### *Wrongful Termination In Violation of Public Policy*

#### (On behalf of Plaintiffs)

58.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

59.    The Worker Recall Ordinance expresses a public policy in favor of granting laid off employees the right to rehire and ensuring fair employment practices following the COVID-19 pandemic.

60.    By hiring new workers and/or lesser-experienced workers instead of rehiring Plaintiffs after the March 2020 layoff, Defendants wrongfully terminated Plaintiffs' employment in violation of public policy. Plaintiffs allege that Defendants wrongfully terminated their employment (and hired new or less-experienced workers instead of re-hiring Plaintiffs) on the basis of their age and/or complaints regarding workplace violations of company policy and/or California law.

61.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer economic and noneconomic damages, including loss of earnings and benefits, to be proven at trial.

## SIXTH CAUSE OF ACTION
### *Unlawful Prevention of Employment*
### (California Labor Code §§ 1050-1054)

#### (On behalf of Plaintiff LYNN)

62.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

63.    California Labor Code section 1050 prohibits an employer from preventing, or

- 15 -

attempting to prevent, a former employee from obtaining employment with another employer via any misrepresentation. California Labor Code section 1054 provides for a private right of action for any damages suffered by a former employee and treble damages for any violation.

64.    Plaintiff LYNN is informed and believes, and on that basis alleges, that Defendants prevented her from obtaining employment subsequent to her being laid off by Defendants.

65.    As a result of Defendants prevention of Plaintiff LYNN obtaining employment with another employer on or about March 2021 through July 2021, Plaintiff LYNN was damaged in an amount to be proven at trial, including lost income and benefits.

## SEVENTH CAUSE OF ACTION
### *Interference with Prospective Economic Advantage*

### (On behalf of Plaintiff LYNN)

66.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

67.    Plaintiff LYNN applied for a position with another employer subsequent to Defendants' layoff of its employees. Defendants were fully aware of Plaintiff LYNN's attempt to obtain employment with the other employer and Plaintiff LYNN is informed and believes, and on that basis alleges, that Defendants prevented her from obtaining employment with the other employer. Plaintiff LYNN is informed and believes, and on that basis alleges, that she would have been hired by the other employer but for Defendants' actions to prevent her from obtaining the employment. Plaintiff LYNN alleges on information and belief that Defendants knew that their interference with the employment process would prevent Plaintiff LYNN from being hired and, as a result, Plaintiff LYNN would lose income and benefits. Plaintiff LYNN did indeed lose income and benefits as a result of not obtaining employment with the other employer. On information and belief, Plaintiff LYNN alleges that Defendants' communications with the other employer and interference with the hiring process was at least a substantial factor and likely the sole cause of Plaintiff LYNN not obtaining employment with the other employer.

68.    As a result of Defendants prevention of Plaintiff LYNN obtaining employment with another employer subsequent to Defendants' layoff, Plaintiff LYNN was damaged in an amount to be proven at trial, including lost income and benefits.

– 16 –

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF**

EXHIBIT 2 - PAGE 51

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of all others similarly situated, pray for judgment as follows:

1.    That the Court issue an Order certifying the CLASS, appointing the named Plaintiffs as representatives of all others similarly situated and appointing the law firms representing the named Plaintiffs, Blanchard, Krasner and French and the Law Office of David A. Huch, as counsel for members of the CLASS;

2.    For compensatory, general, and/or actual damages (including severance pay) according to proof to Plaintiffs and the members of the CLASS;

3.    For compensatory, general, statutory and/or actual damages (including lost pay and benefits and other compensation) according to proof to Plaintiffs;

4.    For treble damages to Plaintiff LYNN pursuant to California Labor Code §1054;

5.    For hiring and reinstatement rights pursuant to SDMC § 311.0106(a)(1);

6.    For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to Plaintiffs causes of action;

7.    For an Order compelling Defendants to restore unpaid amounts, including lost income and related benefits (in the form of restitution), to Plaintiffs and each of the members of the CLASS who have suffered as a result of Defendants' unlawful and unfair practices alleged herein;

8.    For an order compelling Defendants to disgorge and pay over to Plaintiffs and the members of the CLASS all profits and savings resulting from Defendants' unlawful and unfair business practices alleged herein;

9.    For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein;

10.    For attorneys' fees, litigation expenses, and costs pursuant to Code of Civil Procedure §1021.5, SDMC §311.0106(a)(4), and/or any other applicable provisions providing for attorneys' fees and costs; and

11.    For such other and further relief as the court deems just and proper;

-- 17 --

1

2  DATED: June 27, 2022                    BLANCHARD, KRASNER & FRENCH

3
                                                /s/ David Hawkes
4                                          _____
                                           DAVID C. HAWKES
5
                                           Attorneys for Plaintiffs EDWARD FREEMAN and
6                                          KIMBERLY LYNN, individually, on behalf of all
                                           others similarly situated, and on behalf of the general
7                                          public.

8                                          LAW OFFICE OF DAVID A. HUCH
                                           David A. Huch; SBN: 222892
9                                          david.a.huch@gmail.com
                                           12223 Highland Ave., Ste. 106-574
10                                         Rancho Cucamonga, CA 91739
                                           Telephone:     (909) 463-6363
11                                         Facsimile:     (909) 614-7008

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       – 18 –
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
       CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION & INJUNCTIVE RELIEF

EXHIBIT 2 - PAGE 53

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

| PLAINTIFF(S) / PETITIONER(S): | Edward Freeman et al. |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Seaworld Parks & Entertainment Inc et.al. |
|---|---|

FREEMAN VS SEAWORLD PARKS & ENTERTAINMENT INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00025151-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Eddie C Sturgeon                                                    Department: C-67

## COMPLAINT/PETITION FILED: 06/27/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/19/2023 | 10:30 am | C-67 | Eddie C Sturgeon |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT 2 - PAGE 54

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT 2 - PAGE 55



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00025151-CU-OE-CTL      CASE TITLE: Freeman vs Seaworld Parks & Entertainment Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730);
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time<br>• Saves money<br>• Gives parties more control over the dispute resolution process and outcome<br>• Preserves or improves relationships | • May take more time and money if ADR does not resolve the dispute<br>• Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT 2 - PAGE 56

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules: Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT 2 - PAGE 57

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 West Broadway

MAILING ADDRESS:  330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA, 92101-3827

BRANCH NAME:    Central

PLAINTIFF(S):   Edward Freeman et.al.

DEFENDANT(S): Seaworld Parks & Entertainment Inc.et.al.

SHORT TITLE:   FREEMAN VS SEAWORLD PARKS & ENTERTAINMENT INC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00025151-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                               Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

Name of Plaintiff                            Name of Defendant

Signature                                   Signature

Name of Plaintiff's Attorney                  Name of Defendant's Attorney

Signature                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/28/2022                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

EXHIBIT 2 - PAGE 58

**EXHIBIT 3**

AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
CATHERINE L. BRACKETT, CA Bar No. 332918
catherine.brackett@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

SUSAN M. WILSON, CA Bar No. 143908
susan.wilson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone:    520-544-0300
Facsimile:    520-544-9675

Attorneys for Defendants
SEAWORLD PARKS & ENTERTAINMENT,
INC. and SEA WORLD LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/28/2022 at 02:01:00 PM
Clerk of the Superior Court
By Vanessa Sezenol,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

EDWARD FREEMAN and KIMBERLY LYNN, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

SEAWORLD PARKS & ENTERTAINMENT, INC., a Delaware Corporation; SEA WORLD LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No. 37-2022-00025151-CU-OE-CTL

**DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT**

[Assigned for all purposes to the Honorable Eddie C. Sturgeon, Dept. C-67]

Action Filed:    June 27, 2022
Trial Date:    None

**TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN AND THEIR ATTORNEYS OF RECORD:**

Defendants SEAWORLD PARKS & ENTERTAINMENT, INC. and SEA WORLD LLC ("Defendants") hereby answer the Class Action Complaint ("Complaint") filed by plaintiffs EDWARD FREEMAN and KIMBERLY LYNN ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny generally each and all of the allegations in the Complaint, including, but not limited to, the allegations that Plaintiffs and/or the employees whom they purport to represent are entitled to any of the relief requested, that Defendants have engaged in any wrongful or unlawful conduct, and that Defendants' conduct or omissions caused any injury or damage to Plaintiffs or any other employees that Plaintiffs purport to represent.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that they carry the burden of proof as to any of the issues raised thereby, Defendants assert the following separate and distinct affirmative defenses to Plaintiffs' Complaint and each purported cause of action therein, and pray for judgment as set forth below.

For purposes of these affirmative defenses, the term "Plaintiffs" incorporates and includes the named Plaintiffs and any and all members of any purported class that the named Plaintiffs seek to represent.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver & Release)

Defendants allege that the claims brought by Plaintiffs and/or the putative class are barred, in whole or in part, to the extent that the individuals who Plaintiffs wish to represent as putative

2

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT

EXHIBIT 3 - PAGE 60

1  class members may have released some or all of the claims against Defendants that are being

2  asserted in Plaintiffs' Complaint.

<div align="center">

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

</div>

5      The claims alleged in the Complaint are barred, in whole or in part, by the applicable

6  statute(s) of limitations, including, without limitation, Cal. Code Civ. Proc. §§ 312, 337, 338, 339,

7  340, and 343; and Bus. & Prof. Code § 17208.

<div align="center">

**FOURTH AFFIRMATIVE DEFENSE**

**(Lacks Standing)**

</div>

10      The claims alleged in the Complaint are barred, in whole or in part, to the extent Plaintiffs

11  lack standing to assert some or all of the claims asserted.

<div align="center">

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

</div>

14      The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of

15  estoppel.

<div align="center">

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

</div>

18      The penalties sought by the Complaint are barred because at all relevant times, Defendants

19  did not willfully, knowingly, or intentionally fail to comply with any provision of the California

20  Labor Code, San Diego Municipal Code, or any other law related to the matters alleged in the

21  Complaint, but rather acted in good faith and had reasonable grounds for believing that they did not

22  violate the provisions alleged in Plaintiffs' Complaint.  At all relevant times, Defendants performed

23  and discharged in good faith each and every obligation owed, if any, to Plaintiffs and other

24  members of the putative class.

<div align="center">

**SEVENTH AFFIRMATIVE DEFENSE**

**(Constitutional Defense to Penalties)**

</div>

27      Defendants allege, based on information and belief, that the Complaint, or portions thereof,

28  are barred because the applicable California Labor Code provisions and wage orders of the

<div align="center">3</div>

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER
TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT

EXHIBIT 3 - PAGE 61

Industrial Welfare Commission, as applied, are unconstitutionally vague and ambiguous, and therefore violate Defendants' rights under the United States and California Constitutions as to, among other things, due process of law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As a separate affirmative defense to Plaintiffs' claim for violations of California Business and Professions Code § 17200 et seq., Defendants allege that the claims of Plaintiffs and/or the putative class are barred because Plaintiffs and the putative class have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs and/or other members of the putative class failed to exercise due diligence in an effort to mitigate any damages allegedly incurred.

## TENTH AFFIRMATIVE DEFENSE

### (Due Process)

The statutory and civil penalties sought by the Complaint are barred insofar as they would be disproportionate to the harm alleged, excessive, and would violate Defendants' due process rights.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, and/or Recoupment)

Defendants allege, based on information and belief, that if Plaintiffs and/or other members of the putative class are entitled to any damages (which Defendants specifically deny), Defendants are entitled, under the equitable doctrine of setoff and recoupment, to offset any judgment that may be entered against them by all extra payments, overpayments, and/or other obligations owed to Defendants by Plaintiffs or any other putative class members.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Knowledge of Purported Violations)

To the extent that any unlawful conduct occurred, which Defendants deny, Defendants were not aware of Plaintiffs' purported complaints of unlawful conduct, and Plaintiffs' claims must be

4

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT

EXHIBIT 3 - PAGE 62

1  barred or limited accordingly.

2                    **THIRTEENTH AFFIRMATIVE DEFENSE**

3                               **(Waiver)**

4          The claims brought by Plaintiffs and/or other members of the putative class are barred, in

5  whole or in part, because such claims have been waived, discharged, and/or abandoned.

6                    **FOURTEENTH AFFIRMATIVE DEFENSE**

7                               **(Laches)**

8          The claims brought by Plaintiffs and/or other members of the putative class are barred, in

9  whole or in part, by the doctrine of laches.

10                    **FIFTEENTH AFFIRMATIVE DEFENSE**

11                    **(Inadequate Class Representative)**

12         As a separate affirmative defense to Plaintiffs' Complaint and to each cause of action

13  alleged therein by Plaintiffs on behalf of a putative class, Defendants allege that Plaintiffs lack

14  standing to represent the interests of the putative class as to some or all of the purported class

15  claims.

16                    **SIXTEENTH AFFIRMATIVE DEFENSE**

17                    **(Own Acts or Omissions)**

18         The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to

19  the extent that damages, if any, resulted from Plaintiffs' acts and/or omissions.

20                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

21                    **(Unclean Hands)**

22         The claims brought by Plaintiffs and/or other members of the putative class are barred, in

23  whole or in part, by the unclean hands and/or inequitable or wrongful conduct of Plaintiffs and/or

24  other putative class members.

25                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

26                    **(Lawful Policies)**

27         The damages alleged by Plaintiffs, if any, were not proximately caused by any unlawful

28  policy, custom, practice, or procedure promulgated or tolerated by Defendants.  Defendants

1    maintained lawful policies and practices throughout the statutory period.

2                    **NINETEENTH AFFIRMATIVE DEFENSE**

3                              **(Consent)**

4         Plaintiffs' Complaint, and each cause of action alleged therein, is barred, in whole or in

5    part, because Plaintiffs consented or acquiesced in Defendants' alleged conduct of which Plaintiffs

6    now complain.

7                     **TWENTIETH AFFIRMATIVE DEFENSE**

8          **(Failure to Satisfy Class Action Requirements)**

9         Plaintiffs' putative class claims against Defendants are barred, in whole or in part, because

10   Plaintiffs have failed to, and cannot, satisfy the requirements for maintenance of a class action,

11   including, but not limited to, the required elements of ascertainability, commonality, typicality,

12   adequacy, predominance, and superiority.

13                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

14                      **(Avoidable Consequences)**

15        The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

16   the doctrine of avoidable consequences.

17                **TWENTY-SECOND AFFIRMATIVE DEFENSE**

18                          **(De Minimis)**

19        Plaintiffs' claims for relief based on any violation of California's Labor Code and/or other

20   wage-and-hour laws are barred because any such violations were solely de minimis.  Setting aside

21   de minimis violations of the law, if any, Defendants complied with their obligations under the

22   California Labor Code and all other wage-and-hour laws.

23                 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24                        **(No Double Recovery)**

25        The claims alleged in the Complaint are barred, in whole or in part, to the extent that

26   multiple penalties are sought for the same conduct.

27   ///

28   ///

6

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER
TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT

EXHIBIT 3 - PAGE 64

1    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2    **(Due Process and Excessive Fines Clauses)**

3        The statutory and civil penalties sought by the Complaint are barred insofar as they would

4    be disproportionate to the harm alleged, excessive, and would violate the U.S. Constitution's Due

5    Process Clause (Fifth and Fourteenth Amendments) and the Excessive Fines Clause (Eighth

6    Amendment), and the corresponding provisions of the California Constitution.

7    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8    **(No Injury)**

9        Plaintiffs have suffered no injury as a result of any alleged violation of the California Labor

10    Code and are therefore barred from recovering penalties.

11    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12    **(No Employment Contract)**

13        Plaintiffs' claims are barred, in whole or in part, because Defendants did not have any

14    employment contract with the Plaintiffs or any other members of the purported class.

15    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16    **(No Severance or Other Payments Due)**

17        Defendants specifically deny Plaintiffs' allegation that they are eligible to receive or are

18    owed any payments, including but not limited to severance payments.  Defendants timely paid

19    Plaintiffs and all other members of the putative class all amounts due and owing.

20    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

21    **(At-Will Employment)**

22        Plaintiffs' claims for wrongful termination are barred, in whole or in part, on the ground

23    that Plaintiffs' employment with Defendants was for no specific term and was terminable at-will

24    pursuant to California Labor Code § 2922.

25    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

26    **(Not Qualified for Any Job Openings)**

27        At all relevant times, Plaintiffs and all other members of the putative class were not

28    qualified to perform any available jobs with Defendants.  Further, Plaintiffs and all other members

of the putative class were not capable of becoming qualified to perform any available jobs with Defendants through training equal to that which Defendants might otherwise provide to a new hire for that role.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Necessity)

Defendants allege that any recovery on the Complaint is barred, in whole or in part, on the grounds that every action taken by Defendants with respect to Plaintiffs and other members of the putative class were reasonable and justified in response to legitimate business reasons, which are necessary to the safe and efficient operation of Defendants' business and not arbitrary, capricious, or unlawful in any way.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Termination of Employment)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not terminate the employment of Plaintiffs or any other members of the putative class.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Voluntary Job Abandonment or Resignation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members of the putative class voluntarily abandoned and/or resigned their employment with Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Privilege)

All of Defendants' actions with respect to Plaintiffs and all other members of the putative class were privileged, taken in good faith, and taken without malice or any intent to harm.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Misrepresentations)

Plaintiff Lynn's claims are barred, in whole or in part, because Defendants did not make, authorize, ratify, or have any knowledge of any misrepresentations made or actions taken to prevent Plaintiff from obtaining other employment.

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER
TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT

EXHIBIT 3 - PAGE 66

1

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

2

**(Intervening Causes)**

3

If Plaintiffs suffered any damages—including, but not limited to, emotional distress—such

4

damages were caused by intervening, superseding, and/or independent factors unrelated to any

5

alleged conduct of Defendants.

6

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

7

**(No Proximate Cause)**

8

Any acts or omissions by Defendants were not the proximate cause of any of Plaintiffs'

9

injuries.

10

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

11

**(Third-Party Liability)**

12

Plaintiffs' Complaint is barred, in whole or in part, because any alleged injuries suffered by

13

Plaintiffs and/or any other members of the putative class were proximately caused, in whole or in

14

part, by the acts and/or omissions of persons and/or entities other than Defendants, including by the

15

acts and/or omissions of Plaintiffs and/or other members of the putative class.

16

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

17

**(Agreement to Arbitrate)**

18

The claims brought by Plaintiffs and all other members of the putative class are barred

19

because Plaintiffs entered into binding and enforceable arbitration agreements with Defendants that

20

cover all of the claims in the Complaint.

21

**RESERVATION OF RIGHTS**

22

Because Plaintiffs' Complaint is couched in broad and conclusory terms, and Defendants

23

have not completed their investigation and discovery regarding the facts and claims asserted by

24

Plaintiffs, Defendants cannot fully anticipate all defenses that may be applicable to this action.

25

Accordingly, Defendants reserve the right to assert any additional defenses, if and to the extent

26

such defenses are applicable.  Defendants will move to amend their Answer, if necessary, to allege

27

additional affirmative defenses as they are ascertained or according to proof at the time of trial.

28

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That the Court deny any request(s) by Plaintiffs and/or putative members of the purported class to certify this action as a class action;

2.    That Plaintiffs' Complaint be dismissed with prejudice and in its entirety;

3.    That Plaintiffs and the members of the putative class take nothing by way of this action;

4.    That Judgment be entered against Plaintiffs and in favor of Defendants on all causes of action asserted in the Complaint;

5.    That Defendants be awarded all costs and attorneys' fees incurred in defending this action; and

6.    That Defendants be granted such other and further relief as the Court may deem just and proper.


DATED:  July 28, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____
Aaron H. Cole
Susan M. Wilson
Catherine L. Brackett

Attorneys for Defendants
SEAWORLD PARKS & ENTERTAINMENT, INC. and SEA WORLD LLC

10

## PROOF OF SERVICE

*Edward Freeman, et al. v. SeaWorld Parks & Entertainment, Inc., et al.*
Case No. 37-2022-00025151-OE-CU-CTL

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of (choose one), in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071. My email address is mirna.plascencia@ogletree.com

     On July 28, 2022, I served the following document(s):

**DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S ANSWER TO PLAINTIFFS EDWARD FREEMAN AND KIMBERLY LYNN'S CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

David C. Hawkes, Esq.                         Attorneys for Plaintiffs
BLANCHARD, KRASNER & FRENCH          Edward Freeman and Kimberly Lynn
1800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone: (858) 551-2440
Email:     dhawkes@bkflaw.com

David A. Huch, Esq.                           Attorneys for Plaintiffs
LAW OFFICE OF DAVID A. HUCH          Edward Freeman and Kimberly Lynn
12223 Highland Ave., Suite 106-574
Rancho Cucamonga, CA 91739
Telephone:    (909) 463-6363
Email:     david.a.huch@gmail.com

☒    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July 28, 2022, at Los Angeles, California.

Mirna Plascencia
_____         _____
Type or Print Name                          Signature

# EXHIBIT 4

EXHIBIT 4 - PAGE 70

| Pay Group | File Number | Compensation Rate | Furloughed Status as of 4/1/2020 | Total Years of Service as of 4/1/2020 | Max Years of Service for Severance | Amount in Controversy |
|---|---|---|---|---|---|---|
| SHP | 001005 | 20.66 | Furloughed Employee | 33 | 26 | $21,486 |
| SHP | 001007 | 29.80 | Furloughed Employee | 39 | 26 | $30,992 |
| SHP | 022045 | 33.51 | Furloughed Employee | 30 | 26 | $34,850 |
| SHP | 001037 | 25.03 | Furloughed Employee | 26 | 26 | $26,031 |
| SHQ | 001020 | 32.97 | Furloughed Employee | 23 | 13 | $34,290 |
| SHP | 001046 | 36.40 | Furloughed Employee | 36 | 26 | $37,856 |
| SHP | 001052 | 31.68 | Furloughed Employee | 28 | 26 | $32,947 |
| SHP | 001053 | 26.04 | Furloughed Employee | 33 | 26 | $27,082 |
| SHP | 001055 | 23.54 | Furloughed Employee | 39 | 26 | $24,482 |
| SHP | 001061 | 31.28 | Furloughed Employee | 36 | 26 | $32,531 |
| SHP | 001063 | 29.76 | Furloughed Employee | 38 | 26 | $30,950 |
| SHP | 001064 | 15.79 | Furloughed Employee | 40 | 26 | $16,422 |
| SHP | 001072 | 21.39 | Furloughed Employee | 32 | 26 | $22,246 |
| SHP | 001074 | 21.13 | Furloughed Employee | 27 | 26 | $21,975 |
| SHP | 001078 | 25.00 | Furloughed Employee | 30 | 26 | $26,000 |
| SHP | 001079 | 26.45 | Furloughed Employee | 23 | 23 | $24,334 |
| SHQ | 001039 | 32.97 | Furloughed Employee | 28 | 13 | $34,290 |
| SHP | 001087 | 27.82 | Furloughed Employee | 29 | 26 | $28,933 |
| SHQ | 001192 | 32.71 | Furloughed Employee | 33 | 13 | $34,023 |
| SHP | 001093 | 27.60 | Furloughed Employee | 23 | 23 | $25,392 |
| SHP | 001096 | 19.41 | Furloughed Employee | 24 | 24 | $18,634 |
| SHP | 018202 | 30.57 | Furloughed Employee | 32 | 26 | $31,793 |
| SHP | 001098 | 19.46 | Furloughed Employee | 32 | 26 | $20,238 |
| SHP | 001100 | 33.10 | Furloughed Employee | 31 | 26 | $34,424 |
| SHP | 001106 | 16.31 | Furloughed Employee | 32 | 26 | $16,962 |
| SHP | 001109 | 28.04 | Furloughed Employee | 29 | 26 | $29,162 |
| SHP | 001111 | 25.83 | Furloughed Employee | 34 | 26 | $26,863 |
| SHP | 001113 | 30.59 | Furloughed Employee | 27 | 26 | $31,814 |
| SHP | 001118 | 16.84 | Furloughed Employee | 22 | 22 | $14,819 |
| SHP | 001119 | 24.66 | Furloughed Employee | 42 | 26 | $25,646 |
| SHQ | 001055 | 28.22 | Furloughed Employee | 23 | 13 | $29,345 |
| SHQ | 001057 | 41.03 | Furloughed Employee | 39 | 13 | $42,674 |
| SHP | 010849 | 32.05 | Furloughed Employee | 31 | 26 | $33,332 |
| SHP | 001127 | 24.33 | Furloughed Employee | 29 | 26 | $25,303 |
| SHP | 001129 | 14.56 | Furloughed Employee | 27 | 26 | $15,142 |
| SHP | 001139 | 26.54 | Furloughed Employee | 18 | 18 | $19,109 |
| SHP | 001150 | 34.20 | Furloughed Employee | 29 | 26 | $35,568 |
| SHP | 001151 | 23.71 | Furloughed Employee | 31 | 26 | $24,658 |
| SHP | 001158 | 16.31 | Furloughed Employee | 38 | 26 | $16,962 |
| SHQ | 001071 | 38.46 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 001161 | 28.22 | Furloughed Employee | 30 | 26 | $29,349 |
| SHP | 001165 | 35.94 | Furloughed Employee | 35 | 26 | $37,378 |
| SHP | 001166 | 36.40 | Furloughed Employee | 43 | 26 | $37,856 |
| SHP | 001168 | 19.79 | Furloughed Employee | 37 | 26 | $20,582 |
| SHP | 001170 | 25.48 | Furloughed Employee | 35 | 26 | $26,499 |
| SHP | 004611 | 26.20 | Furloughed Employee | 39 | 26 | $27,248 |
| SHP | 001174 | 30.31 | Furloughed Employee | 38 | 26 | $31,522 |
| SHP | 001176 | 24.97 | Furloughed Employee | 27 | 26 | $25,969 |
| SHP | 001179 | 14.57 | Furloughed Employee | 37 | 26 | $15,153 |

EXHIBIT 4 - PAGE 71

| SHP | 001184 | 16.31 | Furloughed Employee | 39 | 26 | $16,962 |
|-----|--------|-------|---------------------|----|----|---------|
| SHQ | 001080 | 45.50 | Furloughed Employee | 31 | 13 | $47,323 |
| SHP | 001187 | 20.41 | Furloughed Employee | 27 | 26 | $21,226 |
| SHP | 001189 | 30.59 | Furloughed Employee | 32 | 26 | $31,814 |
| SHP | 001190 | 33.30 | Furloughed Employee | 28 | 26 | $34,632 |
| SHP | 001193 | 27.75 | Furloughed Employee | 28 | 26 | $28,860 |
| SHP | 001194 | 21.63 | Furloughed Employee | 56 | 26 | $22,495 |
| SHP | 022044 | 25.28 | Furloughed Employee | 34 | 26 | $26,291 |
| SHP | 001200 | 23.32 | Furloughed Employee | 41 | 26 | $24,253 |
| SHP | 001203 | 30.69 | Furloughed Employee | 29 | 26 | $31,918 |
| SHP | 001209 | 18.30 | Furloughed Employee | 28 | 26 | $19,032 |
| SHP | 001210 | 26.15 | Furloughed Employee | 19 | 19 | $19,874 |
| SHP | 001212 | 33.22 | Furloughed Employee | 38 | 26 | $34,549 |
| SHQ | 001087 | 47.18 | Furloughed Employee | 36 | 13 | $49,071 |
| SHP | 001215 | 30.83 | Furloughed Employee | 32 | 26 | $32,063 |
| SHP | 001231 | 18.94 | Furloughed Employee | 30 | 26 | $19,698 |
| SHP | 001234 | 20.36 | Furloughed Employee | 34 | 26 | $21,174 |
| SHP | 016958 | 33.53 | Furloughed Employee | 32 | 26 | $34,871 |
| SHQ | 001099 | 28.96 | Furloughed Employee | 33 | 13 | $30,121 |
| SHP | 001246 | 25.89 | Furloughed Employee | 33 | 26 | $26,926 |
| SHP | 001250 | 25.91 | Furloughed Employee | 31 | 26 | $26,946 |
| SHP | 001257 | 19.95 | Furloughed Employee | 29 | 26 | $20,748 |
| SHP | 001260 | 25.83 | Furloughed Employee | 33 | 26 | $26,863 |
| SHP | 001261 | 22.85 | Furloughed Employee | 35 | 26 | $23,764 |
| SHP | 001269 | 29.00 | Furloughed Employee | 34 | 26 | $30,160 |
| SHP | 001274 | 26.25 | Furloughed Employee | 29 | 26 | $27,300 |
| SHP | 001275 | 23.39 | Furloughed Employee | 27 | 26 | $24,326 |
| SHP | 001281 | 23.70 | Furloughed Employee | 21 | 21 | $19,908 |
| SHP | 001291 | 18.79 | Furloughed Employee | 27 | 26 | $19,542 |
| SHP | 001293 | 25.35 | Furloughed Employee | 37 | 26 | $26,364 |
| SHP | 001294 | 25.46 | Furloughed Employee | 36 | 26 | $26,478 |
| SHP | 001295 | 18.85 | Furloughed Employee | 31 | 26 | $19,604 |
| SHP | 001299 | 15.76 | Furloughed Employee | 35 | 26 | $16,390 |
| SHP | 001300 | 19.79 | Furloughed Employee | 39 | 26 | $20,582 |
| SHP | 001303 | 21.05 | Furloughed Employee | 37 | 26 | $21,892 |
| SHP | 001306 | 30.48 | Furloughed Employee | 34 | 26 | $31,699 |
| SHQ | 001125 | 35.10 | Furloughed Employee | 31 | 13 | $36,502 |
| SHP | 001308 | 20.06 | Furloughed Employee | 18 | 18 | $14,443 |
| SHP | 001309 | 21.75 | Furloughed Employee | 27 | 26 | $22,620 |
| SHP | 001311 | 17.10 | Furloughed Employee | 24 | 24 | $16,416 |
| SHP | 001312 | 23.48 | Furloughed Employee | 28 | 26 | $24,419 |
| SHP | 001315 | 33.18 | Furloughed Employee | 30 | 26 | $34,507 |
| SHP | 001329 | 33.53 | Furloughed Employee | 24 | 24 | $32,189 |
| SHP | 001335 | 26.08 | Furloughed Employee | 22 | 22 | $22,950 |
| SHP | 001336 | 33.59 | Furloughed Employee | 27 | 26 | $34,934 |
| SHP | 001337 | 18.31 | Furloughed Employee | 29 | 26 | $19,042 |
| SHP | 001340 | 22.38 | Furloughed Employee | 32 | 26 | $23,275 |
| SHP | 001354 | 18.85 | Furloughed Employee | 22 | 22 | $16,588 |
| SHP | 001360 | 22.16 | Furloughed Employee | 20 | 20 | $17,728 |
| SHP | 001362 | 28.81 | Furloughed Employee | 18 | 18 | $20,743 |

EXHIBIT 4 - PAGE 72

| | | | | | | |
|---|---|---|---|---|---|---|
| SHP | 001363 | 20.75 | Furloughed Employee | 19 | 19 | $15,770 |
| SHP | 001373 | 22.26 | Furloughed Employee | 22 | 22 | $19,589 |
| SHP | 001374 | 15.76 | Furloughed Employee | 22 | 22 | $13,869 |
| SHP | 001381 | 19.90 | Furloughed Employee | 21 | 21 | $16,716 |
| SHP | 001383 | 25.71 | Furloughed Employee | 21 | 21 | $21,596 |
| SHP | 001389 | 21.63 | Furloughed Employee | 21 | 21 | $18,169 |
| SHP | 001395 | 18.30 | Furloughed Employee | 21 | 21 | $15,372 |
| SHP | 001398 | 24.17 | Furloughed Employee | 21 | 21 | $20,303 |
| SHP | 001406 | 20.40 | Furloughed Employee | 21 | 21 | $17,136 |
| SHP | 001407 | 16.94 | Furloughed Employee | 16 | 16 | $10,842 |
| SHP | 001422 | 28.65 | Furloughed Employee | 18 | 18 | $20,628 |
| SHP | 001423 | 17.21 | Furloughed Employee | 17 | 17 | $11,703 |
| SHP | 001425 | 24.29 | Furloughed Employee | 21 | 21 | $20,404 |
| SHP | 001436 | 24.39 | Furloughed Employee | 19 | 19 | $18,536 |
| SHP | 001439 | 26.04 | Furloughed Employee | 20 | 20 | $20,832 |
| SHP | 001440 | 22.37 | Furloughed Employee | 20 | 20 | $17,896 |
| SHP | 004622 | 22.01 | Furloughed Employee | 20 | 20 | $17,608 |
| SHP | 001457 | 23.83 | Furloughed Employee | 20 | 20 | $19,064 |
| SHP | 001458 | 29.43 | Furloughed Employee | 11 | 11 | $12,949 |
| SHP | 001459 | 35.47 | Furloughed Employee | 20 | 20 | $28,376 |
| SHP | 001461 | 20.71 | Furloughed Employee | 20 | 20 | $16,568 |
| SHP | 001466 | 15.76 | Furloughed Employee | 20 | 20 | $12,608 |
| SHP | 001475 | 21.34 | Furloughed Employee | 20 | 20 | $17,072 |
| SHP | 001479 | 26.73 | Furloughed Employee | 20 | 20 | $21,384 |
| SHP | 001481 | 24.51 | Furloughed Employee | 19 | 19 | $18,628 |
| SHP | 001482 | 16.86 | Furloughed Employee | 20 | 20 | $13,488 |
| SHP | 001501 | 22.62 | Furloughed Employee | 19 | 19 | $17,191 |
| SHP | 001502 | 19.26 | Furloughed Employee | 19 | 19 | $14,638 |
| SHP | 001505 | 24.45 | Furloughed Employee | 19 | 19 | $18,582 |
| SHP | 001514 | 19.51 | Furloughed Employee | 19 | 19 | $14,828 |
| SHQ | 001208 | 40.58 | Furloughed Employee | 19 | 13 | $42,199 |
| SHP | 001522 | 28.45 | Furloughed Employee | 19 | 19 | $21,622 |
| SHQ | 001227 | 36.46 | Furloughed Employee | 19 | 13 | $37,915 |
| SHP | 001533 | 16.31 | Furloughed Employee | 19 | 19 | $12,396 |
| SHP | 001540 | 24.37 | Furloughed Employee | 19 | 19 | $18,521 |
| SHP | 001541 | 17.63 | Furloughed Employee | 19 | 19 | $13,399 |
| SHP | 001544 | 31.80 | Furloughed Employee | 19 | 19 | $24,168 |
| SHP | 001545 | 14.81 | Furloughed Employee | 19 | 19 | $11,256 |
| SHP | 001553 | 33.29 | Furloughed Employee | 19 | 19 | $25,300 |
| SHQ | 001217 | 27.46 | Furloughed Employee | 19 | 13 | $28,560 |
| SHP | 001571 | 22.30 | Furloughed Employee | 19 | 19 | $16,948 |
| SHP | 022032 | 31.98 | Furloughed Employee | 19 | 19 | $24,305 |
| SHP | 001580 | 26.80 | Furloughed Employee | 18 | 18 | $19,296 |
| SHP | 001588 | 15.11 | Furloughed Employee | 18 | 18 | $10,879 |
| SHP | 001590 | 25.50 | Furloughed Employee | 18 | 18 | $18,360 |
| SHQ | 001238 | 29.27 | Furloughed Employee | 18 | 13 | $30,444 |
| SHP | 001604 | 21.72 | Furloughed Employee | 16 | 16 | $13,901 |
| SHP | 001615 | 14.63 | Furloughed Employee | 18 | 18 | $10,534 |
| SHP | 001623 | 17.63 | Furloughed Employee | 18 | 18 | $12,694 |
| SHP | 001625 | 20.88 | Furloughed Employee | 13 | 13 | $10,858 |

EXHIBIT 4 - PAGE 73

| SHP | 001632 | 22.46 | Furloughed Employee | 17 | 17 | $15,273 |
|-----|--------|-------|---------------------|----|----|---------|
| SHQ | 001224 | 26.20 | Furloughed Employee | 18 | 13 | $27,249 |
| SHP | 001641 | 26.80 | Furloughed Employee | 18 | 18 | $19,296 |
| SHP | 001648 | 23.03 | Furloughed Employee | 17 | 17 | $15,660 |
| SHP | 001650 | 25.54 | Furloughed Employee | 17 | 17 | $17,367 |
| SHP | 001651 | 22.26 | Furloughed Employee | 17 | 17 | $15,137 |
| SHP | 001653 | 21.90 | Furloughed Employee | 17 | 17 | $14,892 |
| SHP | 001654 | 25.96 | Furloughed Employee | 16 | 16 | $16,614 |
| SHP | 001655 | 22.37 | Furloughed Employee | 17 | 17 | $15,212 |
| SHQ | 001272 | 27.64 | Furloughed Employee | 16 | 13 | $28,750 |
| SHP | 001670 | 22.17 | Furloughed Employee | 16 | 16 | $14,189 |
| SHQ | 001220 | 31.25 | Furloughed Employee | 17 | 13 | $32,500 |
| SHP | 001681 | 15.23 | Furloughed Employee | 12 | 12 | $7,310 |
| SHP | 001694 | 29.59 | Furloughed Employee | 17 | 17 | $20,121 |
| SHQ | 001189 | 31.24 | Furloughed Employee | 17 | 13 | $32,494 |
| SHP | 001719 | 20.19 | Furloughed Employee | 17 | 17 | $13,729 |
| SHP | 001721 | 15.21 | Furloughed Employee | 12 | 12 | $7,301 |
| SHP | 001726 | 21.90 | Furloughed Employee | 17 | 17 | $14,892 |
| SHP | 001727 | 20.36 | Furloughed Employee | 17 | 17 | $13,845 |
| SHP | 001732 | 18.71 | Furloughed Employee | 15 | 15 | $11,226 |
| SHP | 001736 | 22.56 | Furloughed Employee | 17 | 17 | $15,341 |
| SHP | 001738 | 23.25 | Furloughed Employee | 16 | 16 | $14,880 |
| SHP | 001742 | 20.45 | Furloughed Employee | 16 | 16 | $13,088 |
| SHP | 001749 | 23.80 | Furloughed Employee | 16 | 16 | $15,232 |
| SHP | 001750 | 18.81 | Furloughed Employee | 16 | 16 | $12,038 |
| SHP | 001761 | 19.05 | Furloughed Employee | 16 | 16 | $12,192 |
| SHQ | 001222 | 26.20 | Furloughed Employee | 15 | 13 | $27,249 |
| SHP | 001785 | 32.77 | Furloughed Employee | 16 | 16 | $20,973 |
| SHQ | 001244 | 26.00 | Furloughed Employee | 16 | 13 | $27,040 |
| SHP | 001804 | 14.45 | Furloughed Employee | 16 | 16 | $9,248 |
| SHP | 001815 | 25.76 | Furloughed Employee | 15 | 15 | $15,456 |
| SHP | 001816 | 26.10 | Furloughed Employee | 16 | 16 | $16,704 |
| SHP | 001819 | 14.82 | Furloughed Employee | 16 | 16 | $9,485 |
| SHP | 001822 | 22.08 | Furloughed Employee | 16 | 16 | $14,131 |
| SHP | 001835 | 25.00 | Furloughed Employee | 1 | 1 | $1,000 |
| SHQ | 001172 | 43.15 | Furloughed Employee | 16 | 13 | $44,874 |
| SHP | 001841 | 31.42 | Furloughed Employee | 16 | 16 | $20,109 |
| SHP | 001848 | 21.34 | Furloughed Employee | 16 | 16 | $13,658 |
| SHP | 001898 | 24.24 | Furloughed Employee | 15 | 15 | $14,544 |
| SHP | 001901 | 44.50 | Furloughed Employee | 15 | 15 | $26,700 |
| SHP | 001909 | 16.12 | Furloughed Employee | 15 | 15 | $9,672 |
| SHP | 001919 | 21.39 | Furloughed Employee | 15 | 15 | $12,834 |
| SHP | 001930 | 25.20 | Furloughed Employee | 5 | 5 | $5,040 |
| SHP | 001954 | 15.02 | Furloughed Employee | 15 | 15 | $9,012 |
| SHP | 001978 | 37.55 | Furloughed Employee | 15 | 15 | $22,530 |
| SHP | 001994 | 33.36 | Furloughed Employee | 15 | 15 | $20,016 |
| SHQ | 001232 | 26.00 | Furloughed Employee | 15 | 13 | $27,040 |
| SHP | 002011 | 15.12 | Furloughed Employee | 15 | 15 | $9,072 |
| SHP | 002014 | 19.01 | Furloughed Employee | 6 | 6 | $4,562 |
| SHP | 002017 | 15.11 | Furloughed Employee | 15 | 15 | $9,066 |

EXHIBIT 4 - PAGE 74

| | | | | | | |
|---|---|---|---|---|---|---|
| SHQ | 001247 | 26.00 | Furloughed Employee | 15 | 13 | $27,040 |
| SHP | 002091 | 22.26 | Furloughed Employee | 14 | 14 | $12,466 |
| SHP | 002099 | 14.77 | Furloughed Employee | 14 | 14 | $8,271 |
| SHP | 002101 | 25.34 | Furloughed Employee | 14 | 14 | $14,190 |
| SHP | 002105 | 19.49 | Furloughed Employee | 14 | 14 | $10,914 |
| SHP | 012208 | 23.90 | Furloughed Employee | 10 | 10 | $9,560 |
| SHP | 002108 | 15.70 | Furloughed Employee | 14 | 14 | $8,792 |
| SHP | 002153 | 14.56 | Furloughed Employee | 14 | 14 | $8,154 |
| SHP | 002163 | 21.66 | Furloughed Employee | 14 | 14 | $12,130 |
| SHP | 002175 | 18.71 | Furloughed Employee | 14 | 14 | $10,478 |
| SHP | 002186 | 17.95 | Furloughed Employee | 14 | 14 | $10,052 |
| SHP | 002215 | 20.83 | Furloughed Employee | 14 | 14 | $11,665 |
| SHP | 002256 | 21.56 | Furloughed Employee | 14 | 14 | $12,074 |
| SHP | 002292 | 18.80 | Furloughed Employee | 14 | 14 | $10,528 |
| SHP | 002300 | 14.28 | Furloughed Employee | 14 | 14 | $7,997 |
| SHP | 002301 | 20.71 | Furloughed Employee | 14 | 14 | $11,598 |
| SHP | 002320 | 18.80 | Furloughed Employee | 14 | 14 | $10,528 |
| SHP | 002328 | 33.74 | Furloughed Employee | 14 | 14 | $18,894 |
| SHP | 002329 | 17.56 | Furloughed Employee | 5 | 5 | $3,512 |
| SHQ | 001264 | 39.66 | Furloughed Employee | 13 | 13 | $41,250 |
| SHP | 002359 | 19.83 | Furloughed Employee | 13 | 13 | $10,312 |
| SHP | 002370 | 17.95 | Furloughed Employee | 13 | 13 | $9,334 |
| SHP | 002407 | 18.71 | Furloughed Employee | 13 | 13 | $9,729 |
| SHP | 002451 | 21.18 | Furloughed Employee | 12 | 12 | $10,166 |
| SHP | 002470 | 22.01 | Furloughed Employee | 13 | 13 | $11,445 |
| SHP | 002515 | 25.88 | Furloughed Employee | 13 | 13 | $13,458 |
| SHP | 002517 | 20.65 | Furloughed Employee | 13 | 13 | $10,738 |
| SHP | 002534 | 38.49 | Furloughed Employee | 13 | 13 | $20,015 |
| SHP | 002563 | 25.82 | Furloughed Employee | 13 | 13 | $13,426 |
| SHP | 002606 | 24.50 | Furloughed Employee | 13 | 13 | $12,740 |
| SHP | 002629 | 14.63 | Furloughed Employee | 13 | 13 | $7,608 |
| SHP | 002705 | 23.53 | Furloughed Employee | 13 | 13 | $12,236 |
| SHP | 002755 | 23.51 | Furloughed Employee | 2 | 2 | $1,881 |
| SHP | 002758 | 13.35 | Furloughed Employee | 12 | 12 | $6,408 |
| SHP | 002797 | 20.77 | Furloughed Employee | 12 | 12 | $9,970 |
| SHP | 002850 | 14.47 | Furloughed Employee | 12 | 12 | $6,946 |
| SHP | 024000 | 23.53 | Furloughed Employee | 12 | 12 | $11,294 |
| SHP | 004165 | 13.25 | Furloughed Employee | 5 | 5 | $2,650 |
| SHP | 002971 | 14.30 | Furloughed Employee | 12 | 12 | $6,864 |
| SHP | 003101 | 30.80 | Furloughed Employee | 12 | 12 | $14,784 |
| SHP | 003104 | 15.90 | Furloughed Employee | 12 | 12 | $7,632 |
| SHP | 003110 | 17.75 | Furloughed Employee | 12 | 12 | $8,520 |
| SHP | 003122 | 19.60 | Furloughed Employee | 12 | 12 | $9,408 |
| SHP | 003152 | 23.23 | Furloughed Employee | 12 | 12 | $11,150 |
| SHP | 003337 | 14.30 | Furloughed Employee | 11 | 11 | $6,292 |
| SHP | 003351 | 24.27 | Furloughed Employee | 11 | 11 | $10,679 |
| SHP | 007301 | 20.51 | Furloughed Employee | 9 | 9 | $7,384 |
| SHP | 003450 | 19.31 | Furloughed Employee | 11 | 11 | $8,496 |
| SHP | 007250 | 21.95 | Furloughed Employee | 7 | 7 | $6,146 |
| SHP | 003482 | 24.74 | Furloughed Employee | 11 | 11 | $10,886 |

EXHIBIT 4 - PAGE 75

| SHP | 003646 | 18.92 | Furloughed Employee | 10 | 10 | $7,568 |
|-----|--------|-------|---------------------|----|----|--------|
| SHP | 003695 | 21.86 | Furloughed Employee | 10 | 10 | $8,744 |
| SHP | 003755 | 17.56 | Furloughed Employee | 4 | 4 | $2,810 |
| SHP | 003790 | 18.20 | Furloughed Employee | 9 | 9 | $6,552 |
| SHP | 003838 | 13.83 | Furloughed Employee | 10 | 10 | $5,532 |
| SHP | 003841 | 14.00 | Furloughed Employee | 9 | 9 | $5,040 |
| SHP | 003873 | 18.20 | Furloughed Employee | 10 | 10 | $7,280 |
| SHP | 003886 | 21.16 | Furloughed Employee | 10 | 10 | $8,464 |
| SHP | 003889 | 19.39 | Furloughed Employee | 10 | 10 | $7,756 |
| SHP | 003924 | 18.69 | Furloughed Employee | 5 | 5 | $3,738 |
| SHP | 003946 | 22.06 | Furloughed Employee | 10 | 10 | $8,824 |
| SHP | 003983 | 17.37 | Furloughed Employee | 10 | 10 | $6,948 |
| SHP | 004011 | 22.20 | Furloughed Employee | 9 | 9 | $7,992 |
| SHP | 004135 | 18.96 | Furloughed Employee | 9 | 9 | $6,826 |
| SHP | 004311 | 15.59 | Furloughed Employee | 9 | 9 | $5,612 |
| SHP | 004331 | 14.09 | Furloughed Employee | 9 | 9 | $5,072 |
| SHP | 004491 | 18.20 | Furloughed Employee | 9 | 9 | $6,552 |
| SHP | 004728 | 31.80 | Furloughed Employee | 9 | 9 | $11,448 |
| SHP | 004971 | 19.76 | Furloughed Employee | 7 | 7 | $5,533 |
| SHQ | 001263 | 31.68 | Furloughed Employee | 8 | 8 | $20,277 |
| SHQ | 001252 | 33.34 | Furloughed Employee | 9 | 9 | $24,008 |
| SHP | 005074 | 26.00 | Furloughed Employee | 9 | 9 | $9,360 |
| SHP | 005089 | 14.00 | Furloughed Employee | 9 | 9 | $5,040 |
| SHP | 005173 | 21.66 | Furloughed Employee | 1 | 1 | $866 |
| SHP | 005191 | 24.45 | Furloughed Employee | 9 | 9 | $8,802 |
| SHP | 005232 | 27.47 | Furloughed Employee | 2 | 2 | $2,198 |
| SHP | 005233 | 14.00 | Furloughed Employee | 9 | 9 | $5,040 |
| SHP | 005241 | 17.76 | Furloughed Employee | 9 | 9 | $6,394 |
| SHP | 005244 | 21.48 | Furloughed Employee | 9 | 9 | $7,733 |
| SHQ | 001265 | 26.44 | Furloughed Employee | 8 | 8 | $16,923 |
| SHP | 005386 | 14.00 | Furloughed Employee | 8 | 8 | $4,480 |
| SHP | 005597 | 20.65 | Furloughed Employee | 1 | 1 | $826 |
| SHP | 005651 | 19.60 | Furloughed Employee | 8 | 8 | $6,272 |
| SHP | 005689 | 13.00 | Furloughed Employee | 8 | 8 | $4,160 |
| SHP | 005820 | 18.40 | Furloughed Employee | 8 | 8 | $5,888 |
| SHP | 005903 | 20.65 | Furloughed Employee | 4 | 4 | $3,304 |
| SHP | 005917 | 19.92 | Furloughed Employee | 8 | 8 | $6,374 |
| SHP | 006014 | 16.30 | Furloughed Employee | 8 | 8 | $5,216 |
| SHP | 006245 | 14.00 | Furloughed Employee | 8 | 8 | $4,480 |
| SHP | 006283 | 13.00 | Furloughed Employee | 8 | 8 | $4,160 |
| SHP | 006521 | 15.91 | Furloughed Employee | 8 | 8 | $5,091 |
| SHP | 006525 | 16.95 | Furloughed Employee | 8 | 8 | $5,424 |
| SHP | 006543 | 37.55 | Furloughed Employee | 1 | 1 | $1,502 |
| SHP | 006573 | 22.30 | Furloughed Employee | 6 | 6 | $5,352 |
| SHP | 006577 | 14.00 | Furloughed Employee | 8 | 8 | $4,480 |
| SHP | 006650 | 17.55 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 006787 | 18.00 | Furloughed Employee | 8 | 8 | $5,760 |
| SHP | 006864 | 17.55 | Furloughed Employee | 8 | 8 | $5,616 |
| SHP | 007059 | 24.03 | Furloughed Employee | 8 | 8 | $7,690 |
| SHP | 007077 | 17.56 | Furloughed Employee | 0 | 0 | $0 |

EXHIBIT 4 - PAGE 76

| SHP | 007094 | 18.29 | Furloughed Employee | 8 | 8 | $5,853 |
|-----|--------|-------|---------------------|---|---|--------|
| SHP | 007193 | 27.47 | Furloughed Employee | 7 | 7 | $7,692 |
| SHP | 007261 | 17.56 | Furloughed Employee | 7 | 7 | $4,917 |
| SHP | 007267 | 14.00 | Furloughed Employee | 7 | 7 | $3,920 |
| SHP | 007385 | 14.00 | Furloughed Employee | 7 | 7 | $3,920 |
| SHP | 007506 | 19.14 | Furloughed Employee | 7 | 7 | $5,359 |
| SHP | 007628 | 17.55 | Furloughed Employee | 7 | 7 | $4,914 |
| SHP | 007687 | 16.71 | Furloughed Employee | 7 | 7 | $4,679 |
| SHP | 008215 | 14.00 | Furloughed Employee | 7 | 7 | $3,920 |
| SHP | 008263 | 13.15 | Furloughed Employee | 7 | 7 | $3,682 |
| SHP | 015401 | 23.67 | Furloughed Employee | 7 | 7 | $6,628 |
| SHP | 008573 | 15.84 | Furloughed Employee | 7 | 7 | $4,435 |
| SHP | 008600 | 19.60 | Furloughed Employee | 7 | 7 | $5,488 |
| SHP | 008629 | 15.47 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 008647 | 21.18 | Furloughed Employee | 7 | 7 | $5,930 |
| SHP | 008677 | 14.00 | Furloughed Employee | 7 | 7 | $3,920 |
| SHP | 008927 | 17.56 | Furloughed Employee | 5 | 5 | $3,512 |
| SHP | 009077 | 18.00 | Furloughed Employee | 7 | 7 | $5,040 |
| SHP | 009120 | 22.38 | Furloughed Employee | 6 | 6 | $5,371 |
| SHP | 009188 | 17.56 | Furloughed Employee | 4 | 4 | $2,810 |
| SHP | 009192 | 18.92 | Furloughed Employee | 5 | 5 | $3,784 |
| SHP | 009282 | 37.55 | Furloughed Employee | 6 | 6 | $9,012 |
| SHP | 009297 | 18.00 | Furloughed Employee | 5 | 5 | $3,600 |
| SHP | 009574 | 31.80 | Furloughed Employee | 6 | 6 | $7,632 |
| SHP | 010123 | 21.18 | Furloughed Employee | 6 | 6 | $5,083 |
| SHP | 009960 | 17.95 | Furloughed Employee | 6 | 6 | $4,308 |
| SHP | 024356 | 17.66 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 010476 | 19.69 | Furloughed Employee | 5 | 5 | $3,938 |
| SHP | 010884 | 18.20 | Furloughed Employee | 5 | 5 | $3,640 |
| SHP | 011160 | 18.92 | Furloughed Employee | 5 | 5 | $3,784 |
| SHP | 010932 | 29.43 | Furloughed Employee | 6 | 6 | $7,063 |
| SHP | 011170 | 14.00 | Furloughed Employee | 4 | 4 | $2,240 |
| SHP | 011188 | 13.15 | Furloughed Employee | 5 | 5 | $2,630 |
| SHP | 024433 | 19.37 | Furloughed Employee | 5 | 5 | $3,874 |
| SHP | 011588 | 15.47 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 011611 | 18.00 | Furloughed Employee | 4 | 4 | $2,880 |
| SHP | 011642 | 17.55 | Furloughed Employee | 1 | 1 | $702 |
| SHP | 011676 | 15.76 | Furloughed Employee | 5 | 5 | $3,152 |
| SHP | 011948 | 14.00 | Furloughed Employee | 1 | 1 | $560 |
| SHP | 011953 | 17.56 | Furloughed Employee | 2 | 2 | $1,405 |
| SHP | 012226 | 17.56 | Furloughed Employee | 5 | 5 | $3,512 |
| SHP | 012875 | 21.16 | Furloughed Employee | 5 | 5 | $4,232 |
| SHP | 012958 | 27.85 | Furloughed Employee | 5 | 5 | $5,570 |
| SHP | 012982 | 20.65 | Furloughed Employee | 5 | 5 | $4,130 |
| SHP | 013161 | 17.95 | Furloughed Employee | 5 | 5 | $3,590 |
| SHP | 013332 | 34.03 | Furloughed Employee | 5 | 5 | $6,806 |
| SHP | 013310 | 14.00 | Furloughed Employee | 5 | 5 | $2,800 |
| SHP | 013503 | 14.00 | Furloughed Employee | 4 | 4 | $2,240 |
| SHP | 013536 | 18.92 | Furloughed Employee | 4 | 4 | $3,027 |
| SHP | 014388 | 27.71 | Furloughed Employee | 4 | 4 | $4,434 |

EXHIBIT 4 - PAGE 77

| | | | | | | |
|---|---|---|---|---|---|---|
| SHP | 014525 | 15.38 | Furloughed Employee | 4 | 4 | $2,461 |
| SHP | 015156 | 18.00 | Furloughed Employee | 4 | 4 | $2,880 |
| SHP | 022021 | 23.92 | Furloughed Employee | 2 | 2 | $1,914 |
| SHP | 015532 | 14.00 | Furloughed Employee | 4 | 4 | $2,240 |
| SHP | 015547 | 13.25 | Furloughed Employee | 4 | 4 | $2,120 |
| SHP | 016000 | 14.00 | Furloughed Employee | 4 | 4 | $2,240 |
| SHP | 016230 | 13.50 | Furloughed Employee | 4 | 4 | $2,160 |
| SHP | 016264 | 21.42 | Furloughed Employee | 4 | 4 | $3,427 |
| SHP | 016290 | 13.75 | Furloughed Employee | 2 | 2 | $1,100 |
| SHP | 017001 | 14.00 | Furloughed Employee | 3 | 3 | $1,680 |
| SHP | 017314 | 13.15 | Furloughed Employee | 3 | 3 | $1,578 |
| SHP | 017307 | 13.15 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 017704 | 21.79 | Furloughed Employee | 3 | 3 | $2,615 |
| SHP | 017804 | 14.00 | Furloughed Employee | 2 | 2 | $1,120 |
| SHP | 017925 | 21.55 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 017973 | 24.42 | Furloughed Employee | 3 | 3 | $2,930 |
| SHP | 017983 | 27.71 | Furloughed Employee | 3 | 3 | $3,325 |
| SHP | 018018 | 17.56 | Furloughed Employee | 3 | 3 | $2,107 |
| SHP | 018095 | 29.46 | Furloughed Employee | 3 | 3 | $3,535 |
| SHP | 018105 | 23.58 | Furloughed Employee | 3 | 3 | $2,830 |
| SHP | 018206 | 18.92 | Furloughed Employee | 3 | 3 | $2,270 |
| SHP | 018587 | 17.00 | Furloughed Employee | 3 | 3 | $2,040 |
| SHP | 018649 | 21.65 | Furloughed Employee | 3 | 3 | $2,598 |
| SHP | 018654 | 14.00 | Furloughed Employee | 1 | 1 | $560 |
| SHP | 018658 | 16.30 | Furloughed Employee | 2 | 2 | $1,304 |
| SHP | 018665 | 15.38 | Furloughed Employee | 2 | 2 | $1,230 |
| SHP | 018751 | 26.80 | Furloughed Employee | 2 | 2 | $2,144 |
| SHP | 019317 | 15.47 | Furloughed Employee | 1 | 1 | $619 |
| SHP | 019320 | 21.16 | Furloughed Employee | 2 | 2 | $1,693 |
| SHP | 019676 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 019956 | 16.30 | Furloughed Employee | 1 | 1 | $652 |
| SHP | 020203 | 26.00 | Furloughed Employee | 2 | 2 | $2,080 |
| SHP | 020210 | 15.52 | Furloughed Employee | 2 | 2 | $1,242 |
| SHP | 020208 | 27.47 | Furloughed Employee | 2 | 2 | $2,198 |
| SHP | 020213 | 29.20 | Furloughed Employee | 2 | 2 | $2,336 |
| SHP | 020212 | 15.52 | Furloughed Employee | 2 | 2 | $1,242 |
| SHP | 020215 | 18.71 | Furloughed Employee | 2 | 2 | $1,497 |
| SHP | 020520 | 19.70 | Furloughed Employee | 2 | 2 | $1,576 |
| SHP | 020508 | 27.47 | Furloughed Employee | 2 | 2 | $2,198 |
| SHP | 020486 | 15.47 | Furloughed Employee | 2 | 2 | $1,238 |
| SHQ | 001248 | 47.21 | Furloughed Employee | 2 | 2 | $7,548 |
| SHP | 020573 | 20.65 | Furloughed Employee | 2 | 2 | $1,652 |
| SHP | 020620 | 15.14 | Furloughed Employee | 1 | 1 | $606 |
| SHP | 020699 | 18.92 | Furloughed Employee | 1 | 1 | $757 |
| SHP | 020742 | 15.47 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 021098 | 22.75 | Furloughed Employee | 1 | 1 | $910 |
| SHP | 021646 | 25.00 | Furloughed Employee | 1 | 1 | $1,000 |
| SHP | 021644 | 15.14 | Furloughed Employee | 1 | 1 | $606 |
| SHP | 021758 | 17.95 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 021913 | 20.45 | Furloughed Employee | 1 | 1 | $818 |

EXHIBIT 4 - PAGE 78

| | | | | | | |
|---|---|---|---|---|---|---|
| SHP | 022017 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 022022 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 022286 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 022215 | 15.47 | Furloughed Employee | 1 | 1 | $619 |
| SHP | 022317 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 022322 | 18.92 | Furloughed Employee | 1 | 1 | $757 |
| SHP | 022512 | 24.50 | Furloughed Employee | 1 | 1 | $980 |
| SHP | 022413 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 022514 | 15.45 | Furloughed Employee | 1 | 1 | $618 |
| SHP | 022518 | 26.80 | Furloughed Employee | 1 | 1 | $1,072 |
| SHP | 023156 | 13.00 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 023407 | 24.00 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 023778 | 20.65 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 023755 | 15.14 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 023679 | 14.00 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 023927 | 26.80 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024030 | 15.47 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024033 | 17.56 | Furloughed Employee | 0 | 0 | $0 |
| SHQ | 001271 | 65.38 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024040 | 37.92 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024038 | 26.80 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024164 | 15.45 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024378 | 26.00 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024481 | 26.80 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024461 | 26.00 | Furloughed Employee | 0 | 0 | $0 |
| SHQ | 001276 | 33.65 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024621 | 21.43 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024623 | 17.55 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024628 | 23.00 | Furloughed Employee | 0 | 0 | $0 |
| SHP | 024633 | 25.50 | Furloughed Employee | 0 | 0 | $0 |
| | | | | | Total | $5,523,596 |

EXHIBIT 4 - PAGE 79